

1  LAW OFFICES OF GERARD FOX, INC.
2  Gerard P. Fox (SBN #151649)
   gfox@gpfoxlaw.com
3  Lauren M. Greene (SBN #271397)
   lgreene@gpfoxlaw.com
4  1880 Century Park East, Suite 815
5  Los Angeles, CA 90067
   Tel: (310) 441-0500
6  Fax: (310) 441-4447
7
   Attorneys for Plaintiffs Greg Horos
8  and Melissa Adele Rosen
9
               UNITED STATES DISTRICT COURT
10
11         FOR THE CENTRAL DISTRICT OF CALIFORNIA
                 CV 14-08065 -MWF (MRWx)
12
13 | **GREG HOROS,** an individual, and    | Case No.
   | **MELISSA ADELE ROSEN,** an
14 | individual                            | **COMPLAINT FOR:**
15 |                                        | (1) **FEDERAL TRADEMARK INFRINGEMENT 15 U.S.C. §§ 1114 AND 1125(a)**
16 |         Plaintiffs;                    | (2) **FEDERAL TRADEMARK DILUTION UNDER 15 U.S.C. § 1125(c)**
17 |     v.                                 | (3) **FEDERAL UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)**
18 | **LOCOL, LLC,** a California limited   | (4) **COMMON LAW TRADEMARK INFRINGEMENT**
19 | liability company, **ROY CHOI,** an
   | individual, **DANIEL PATTERSON,**    | (5) **VIOLATION OF CAL. BUS. & PROF. CODE §17200 *et seq.***
20 | an individual, and **DOES 1-10,**     | (6) **INJURY TO BUSINESS REPUTATION AND DILUTION UNDER CAL. BUS. & PROF. CODE § 14330**
21 | inclusive,                            | (7) **DECLARATORY JUDGMENT**
22 |         Defendants.
23 |                                        | **JURY TRIAL DEMANDED**
24
25
26
27
28

                        COMPLAINT

*(Stamp, right side)*
FILED
CLERK, U.S. DISTRICT COURT
OCT 17 2014
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Plaintiffs Greg Horos and Melissa Adele Rosen (collectively "Plaintiffs") hereby allege the following:

## INTRODUCTION

1.     The world of healthy, affordable food, inclusive of vegetarian, vegan and otherwise nutritious eating has exploded. The founders of the Locali restaurant chain established their name, mark, and restaurant and have had them in place here in Los Angeles since 2009. This chain is growing. As their name indicates, purposefully, Plaintiffs' restaurants focus on a caring approach to community, and offering delicious but affordable vegan and non-vegan healthy food. The idea was to make it possible for the consumer from the local community to get in and out quick, and yet, not resort to junk food, but instead receive healthy food at an affordable price. The name Locali means community, roughly, in Italian, and the founders of this unique restaurant established their restaurant chain name, mark and concept around fast, healthy, affordable food for the local community. The consuming public recognizes this mark and what the Locali name represents. The local community concept is imbedded in the name, and many customers use Google searches and smartphone applications to find this local, healthy, fast food restaurant. While Plaintiffs do not hold a monopoly over fast, cheap, healthy food, their trademarked name that is centered around the root concept "local" and derived out of the entire communal concept of their services deserves protection. It is a registered trademark and well recognized by the consuming public.

2.     The Defendants have followed and studied Plaintiffs' concept and restaurants and have intentionally chosen to copy Plaintiffs' concept. Out of all the names they could have chosen for their copycat restaurants, including names more in line with the very different brand of restaurants they have opened, they chose to copy the core of Plaintiffs' mark and go by the name "Loco'l." They will be selling the same food for roughly the same prices, in the same location and in

interviews have mimicked the long voiced message of Plaintiffs about their restaurants. This copying and trading off of the pioneers of a concept that is now growing quickly is in poor taste, literally – and not lawful. In an era where consumers of food use Google searches and smartphone applications to find the restaurant they want, it is imperative that competitors in the same markets, offering the same services not use names that sound very similar, appear very similar, mean the same thing and have the same connotation. Defendants have announced through the media that they are opening their Loco'l restaurants in the Spring of 2015 in San Francisco and then Los Angeles, in direct competition with Plaintiffs, have begun advertising under the infringing mark, and have dedicated a web site to the opening of these competing restaurants under the infringing mark.

3.     Plaintiffs welcome others to the world of food containing a high nutritional content, which can be secured quickly from a local restaurant that offers cheap prices and a caring approach to the local community, but ask that followers and competitors not enter this marketplace by copying them and trying to use a name so close in sound and appearance to cause the consumers to think that the competition's knock off restaurant is in fact Plaintiffs and their restaurants.

4.     It is hoped that Defendants will chose to be unique in some way, and pick a name of their own that does not try to merge with or steal Plaintiffs' mark and the identity of their restaurants.

## PARTIES

5.     Plaintiff Greg Horos is an individual currently living and domiciled in Los Angeles, California. Mr. Horos is a citizen of California.

6.     Plaintiff Melissa Adele Rosen is an individual currently living and domiciled in Los Angeles, California. Ms. Rosen is a citizen of California.

7.     Defendant Locol, LLC ("Locol") is a California limited liability company. Locol's principal place of business is in Oakland, California. Locol is a citizen of California. Locol maintains offices at 6216 Ascot Dr., Oakland, CA

94611.

8.     Defendant Roy Choi ("Choi") is an individual currently living and domiciled in Los Angeles, California. Choi is a citizen of California. On information and belief Choi is a principal of Locol, and/or directs the operations of Locol, or alternatively Defendant Choi and Locol are alter egos of each other.

9.     Defendant Daniel Patterson ("Patterson") is an individual currently living and domiciled in Oakland, California. Patterson is a citizen of California. Patterson is a Managing Member of Defendant Locol. On information and belief Patterson is a principal of Locol, and/or directs the operations of Locol, or alternatively Defendant Patterson and Locol are alter egos of each other.

10.     Plaintiffs do not know the true names of the DOE Defendants and therefore sue them by fictitious names. Plaintiffs are informed and believe and thereby allege that each of these Defendants were in some manner responsible for the events and happenings alleged in this Complaint and for Plaintiffs' injuries and damages.

## JURISDICTION AND VENUE

11.     This action arises under the federal trademark statute (the "Lanham Act"), 15 U.S.C. § 1051, et seq., the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and under the common law of the State of California. This Court has subject matter jurisdiction over the federal trademark, unfair competition and declaratory judgment claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367. The Court has subject matter jurisdiction over the related California state law claims pursuant to 28 U.S.C. §§ 1338 and 1367.

12.     This Court has personal jurisdiction over Defendant Locol since Locol is a limited liability company formed and existing under the laws of the State of California and thereby resides in this State. This Court has personal jurisdiction over Choi and Patterson as they reside in the State of California and have extensive contacts with, and conduct business within the State of California

and this judicial district.

13.     Venue in this district is proper pursuant to 28 U.S.C. §§1391(b)(1), (b)(2) and (c)(2) because a substantial part of the events giving rise to this claim occurred in this district and because Defendants have extensive contacts with, and conduct business within this judicial district and have also advertised and promoted the infringing mark and caused tortious injury to Plaintiffs in this judicial district.

## FACTS

### Plaintiffs' Business And The LOCALI Trademark

14.     Plaintiffs Greg Horos and Melissa Adele Rosen own and operate a successful business named Locali ("LOCALI") which is a healthy fast food restaurant, convenient store hybrid with locations throughout the greater Los Angeles area.

15.     Faced with the growing obesity epidemic in the United States, the ever increasing array of unhealthy restaurants and the public perception that healthy food is expensive and bland, Plaintiffs decided to shatter the public's perception of healthy food and create a hybrid fast food and convenient store.

16.     Plaintiffs wanted to create a sustainable and affordable version of a fast food convenience outlet that provided delicious, local and organic artisan foods along with healthy prepackaged meals and baked goods. Plaintiffs wanted to emphasize community, sustainability, health and being eco-friendly. Plaintiffs chose the name LOCALI because of their emphasis on building a community around local, accessible and healthy foods. Indeed, roughly translated from Italian, LOCALI means community, as applied to a fast food restaurant, the mark LOCALI is arbitrary and fanciful.

17.     Plaintiffs opened the first LOCALI location in January 2009 in Hollywood, California. LOCALI offers a wide range of affordable and healthy breakfast options, sandwiches, salads, baked goods, smoothies, milkshakes, and

desserts. LOCALI also offers a full range of vegan, vegetarian and gluten-free options.

18.    LOCALI quickly garnered a positive public reputation and goodwill for their innovative, healthy and unique hybrid fast food restaurant and convenient store. Since 2009, Plaintiffs have continuously used the distinctive mark LOCALI in California and throughout the United States to market their unique restaurant.

19.    Plaintiffs have devoted substantial time, effort and resources into promoting their LOCALI mark in connection with their restaurant. LOCALI has been featured by several important restaurant industry publications including Zagat, LA Weekly, and Eater, and has been covered by various national and international media outlets including the Huffington Post and Vogue Nippon Magazine. Further, LOCALI maintains a strong social medial marketing presence in Los Angeles and nationally on Twitter, Instagram and Facebook. Additionally, LOCALI advertises on many online food ordering websites and smartphone apps such as GrubHub, Eat 24, Yelp and Seamless.

20.    While LOCALI does offer healthy pre-made food, baked goods and convenience items, it is LOCALI's made to order sandwiches, paninis, salads, smoothies and milkshakes that have made LOCALI the true success that it is. The healthy, fast and affordable food at LOCALI has won several awards. In March 2014, Zagat named LOCALI's "Badass Breakfast Sandwich" one of LA's 10 Best New Sandwiches. In September 2013, CBS Los Angeles named LOCALI's "Brekkie Burrito" one of the "Best Breakfast Burritos In Los Angeles." Further, LOCALI's Da VinCheese sandwich won First Place in the 2010 Grilled Cheese Invitational competition.

21.    LOCALI has been very successful at its innovative goal of providing healthy and affordable versions of fast food favorites. For example, in 2012, LA Weekly noted that LOCALI's "Sir Nasty" breakfast sandwich was a healthy alternative to McDonald's Egg McMuffins. Even more, on April 24, 2014,

ChowNow, a popular food and restaurant website, again applauded LOCALI's breakfast sandwiches as healthier versions of McDonald's McGriddle sandwiches.

22.     As a result of Plaintiffs' extensive advertising efforts and high-quality, award-winning food, LOCALI has garnered public recognition and gained significant goodwill for their healthy, convenient, fast and delicious food offerings. For example, LOCALI's Reuben sandwich was highlighted by LA Weekly in 2012 as one of the best Reuben sandwiches in Los Angeles.

23.     Plaintiffs have enjoyed great success of their LOCALI mark. In 2012 Plaintiffs opened a sister store "Localita & The Badasserie" in downtown Los Angeles, and opened a second LOCALI location in Venice, California in 2014. The LOCALI mark is immediately recognizable by the public in California and throughout the United States in connection with Plaintiffs' accessible, healthy, fast and tasty food.

24.     Plaintiffs have been using the LOCALI mark continuously in interstate commerce since 2009 and have therefore acquired broad common-law rights in the mark. Additionally, on June 19, 2013, Plaintiffs filed a federal trademark registration application for the mark LOCALI for catering, restaurant, take-out restaurant services and delicatessen services with the United States Patent and Trademark Office ("USPTO") which is Serial Number 8596444. That application was published for opposition in the Trademark Official Gazette on June 24, 2014, and the opposition period closed on July 24, 2014 without any opposition being filed. Thus, LOCALI is a federal trademark with an effective rights date of June 19, 2013. A true and correct copy of Plaintiffs' trademark application is attached hereto as Exhibit "A".

25.     Below is an image of LOCALI as it appears in Plaintiffs' USPTO application:

////

////

# LOCALI

26.     On June 19, 2013, Plaintiffs also filed a federal trademark registration application with the USPTO for the mark "Locali Conscious Convenience" for brick and mortar store services featuring sandwiches, salads, smoothies, soups, coleslaw, prepared meals, frozen foods, chips, desserts, wine, soda, tea and coffee; online retail store services featuring sandwiches, salads, smoothies, soups, coffee, tea, juice and coleslaw; online ordering services in the field of restaurant take-out and delivery which is Serial Number 85964591. That application was published for opposition in the Trademark Official Gazette on July 8, 2014, and the opposition period closed on August 8, 2014 without any opposition being filed. Thus, "Locali Conscious Convenience" is a federal trademark with an effective rights date of June 19, 2013. A true and correct copy of Plaintiffs' trademark application is attached hereto as Exhibit "B".

27.     Below is an image of "Locali Conscious Convenience" as it appears in Plaintiffs' USPTO application:

# LOCALI CONSCIOUS CONVENIENCE

**Defendants' Infringing Use And Interference**

28.     Defendant Choi is a well-known Korean chef and restaurateur who owns several restaurants in the greater Los Angeles Area. Choi began with the Korean taco truck, "Kogi" and has expanded to several additional Korean style restaurants including "Chego!" restaurant in Chinatown, and the "Commissary" and "POT" restaurants in Koreatown, Los Angeles. Choi is known for food that combines Korean and Mexican influences and is highly influenced by street food.

Choi and his restaurants have received their share of attention for this very different type of food.

29.     Defendant Daniel Patterson is a well-known chef who owns several restaurants in San Francisco and Oakland, California.

30.     On or around August 24, 2014, Choi and Patterson announced their plan to open a healthy and cheap fast food restaurant to supplant the current fast food chains and convenience stores called "Loco'l" at the MAD4 Symposium, an international conference for the food and restaurant industry held in Refhaleøen, Copenhagen. Defendants, and each of them, then began using, and intend to continue using the mark "Loco'l" in interstate commerce in reference to their restaurant.

31.     Patterson and Choi, on behalf of and/or in collusion with Locol and each other, have stated that their goal with "Loco'l" is to provide inexpensive and delicious foods made from real ingredients. Attached hereto as Exhibit "C" is a true and correct copy of Defendants Choi and Patterson's August 25, 2014 post on MADfeed confirming their intent to open "Loco'l". Defendants' goal is to create healthy versions of fast food favorites like McDonald's Quarter Pounder. *See* Roy Choi's September 2, 2014 interview with Eater, a true and correct copy of which is attached hereto as Exhibit "D".

32.     In the September 2, 2014 Eater article Choi emphasized the community oriented concept of "Loco's" stating "[i]t's for-profit for people to use it as a community resource center." *See* Exhibit "D". Choi expanded saying "[w]e want the place to have community workshops to be open before hours, after hours, for you to be able to have free wifi so you can use it as an office if you need to." *Id*.

33.     Defendants also announced that they plan to open the first "Loco'l" restaurant in San Francisco in Spring 2015 with a Los Angeles, location to follow and plan to open "like a million" locations across the U.S. *See* August 25, 2014

article "Roy Choi & Daniel Patterson to Open Fast Food Concept" a true and correct copy of which is attached hereto as Exhibit "E".

34.     According to statements made by both Defendants Choi and Patterson, on behalf of and/or in collusion with Locol and each other, the "Loco'l" restaurants will provide services strikingly similar, if not identical to Plaintiffs' LOCALI restaurants. Just like LOCALI, "Loco'l" will focus on providing local, community based, healthy, affordable, quick meals and healthy versions of fast food staples.

35.     Choi and Patterson, on behalf of and/or in collusion with Locol and each other, have gone on an extensive marketing and advertising campaign and have appeared in several California and national media outlets marketing and advertising "Loco'l" and discussing their plans to open several "Loco'l" restaurants. The media outlets include, but are not limited to, the Los Angeles Times, Yahoo News, New York Magazine, USA Today, Los Angeles Magazine, Zagat, Eater.com Los Angeles and Eater.com San Francisco, and LAist.com. These are the same media outlets which Plaintiffs use to market LOCALI.

36.     Due to the extensive national media coverage given to and generated by Defendants' announcement of their "Loco'l" restaurant, Defendants continued advertising and promoting thereof, and the popularity of Choi and Patterson, the general public may begin to associate the LOCALI mark with Defendants rather than with Plaintiffs.

37.     On information and belief, Defendants Choi and Patterson formed Defendant Locol, LLC, a limited liability company in the State of California, in order to operate the "Loco'l" restaurants.

38.     On information and belief, Defendants Choi and Patterson operate, supervise, direct, manage and own Defendant Locol, LLC, or alternatively are alter egos of Locol, LLC.

39.     On information and belief, each of the acts of each defendant alleged

above and herein was done with the full knowledge, consent, advice and permission of each of the other defendants.

40.     On information and belief, Defendants have registered and own and operate the website welocol.com as the official website of "Loco'l".

41.     Upon information and belief, at all relevant times Defendants have been aware of Plaintiffs' LOCALI mark. Defendant Choi has monitored and followed LOCALI on social media and follows LOCALI on Twitter. A true and correct list of LOCALI's Twitter followers, showing that Defendant Choi follows LOCALI is attached here to as Exhibit "F".

42.     Upon information and belief, Defendants, and each of them, willfully chose "Loco'l" as a substantially and confusingly similar mark to LOCALI in order to benefit from the strength of the LOCALI mark and to trade on Plaintiffs' hard earned reputation.

43.     Defendants are not authorized to use any of Plaintiffs' marks, or colorable imitations thereof, or any marks substantially indistinguishable from those marks, or any substantially similar or confusingly similar marks.

44.     Upon information and belief, on August 26, 2014, Defendant Locol filed a federal trademark registration application with the USPTO for the brand "Loco'l" for restaurant and café services which is Serial Number 86377931. A true and correct copy of the USPTO TSDR Trademark Application Status for "Loco'l" as of October 17, 2014 is attached here to as Exhibit "G". On or around September 14, 2014, in response to Plaintiffs' cease and desist letter, counsel for Defendants called counsel for Plaintiffs and stated that Defendants intended to continue using "Loco'l" and that if Plaintiffs didn't like it, Plaintiffs can due Defendants.

45.     As shown in the images below, Defendants' "Loco'l" mark is a reproduction, counterfeit, copy or colorable imitation of and is substantially and confusingly similar to Plaintiffs' LOCALI mark.

Plaintiffs' LOCALI mark:

# LOCALI

Defendants' "Loco'l" mark:

# Loco'l

46.     On September 6, 2014, in an effort to resolve the matter without litigation, Plaintiffs sent Defendants a cease and desist letter explaining that Plaintiffs had California and national trademark rights in their LOCALI mark, that the mark "Loco'l" infringed those rights and demanding that Defendants cease and desist from all further use of the confusingly similar "Loco'l" mark and withdraw their federal trademark application. A true and correct copy of Plaintiffs' cease and desist letter is attached hereto as Exhibit "H".

47.     As of this date, Defendants continue to use and promote the confusingly similar "Loco'l" mark. Defendants' continued use of the mark, stated refusal to comply and consequent failure to comply with Plaintiffs' cease and desists requests demonstrates an intent to wrongfully compete with Plaintiffs and to willfully infringe Plaintiffs' rights in their LOCALI mark.

## FIRST CAUSE OF ACTION

### (Federal Trademark Infringement Under 15 U.S.C. §§ 1114 And 1125(a)
### Against All Defendants)

48.     Plaintiffs reallege and incorporate by reference herein each and every allegation contained in the paragraphs above as if fully stated herein.

49.     Defendants have used in interstate commerce and plan to continue using in commerce the term "Loco'l" in connection with Defendants' healthy fast

food restaurant which confusingly similar to Plaintiffs' LOCALI mark and is likely to cause confusion or mistake, or will likely deceive the public with respect to the source and origin of Defendants' products and the affiliation, connection, or association of Plaintiffs' restaurant with Defendants and/or their restaurants.

50.     Plaintiffs never authorized Defendants' use of the "Loco'l" mark or any counterfeit, imitation or reproduction of Plaintiffs' LOCALI mark and thus Defendants' acts described above and herein constitute an infringement of Plaintiffs' trademarks in violation of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a).

51.     If not enjoined Defendants' actions will continue. Plaintiffs have suffered and will continue to suffer damages in an amount to be proven at trial consisting of, among other things, diminution in the value of and goodwill associated with the LOCALI mark, and injury to Plaintiffs' business. Plaintiffs are therefore entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

52.     Pursuant to 15 U.S.C. § 1117, Plaintiffs are entitled to recover damages in an amount to be determined at trial, any profits made by Defendants by using the substantially similar mark, and the costs of this action. Plaintiffs are informed and believe, and thereby allege, that Defendants' actions described herein were done willfully and with the intention of causing confusion, mistake, or deception making this an exceptional case entitling Plaintiffs to recover additional treble damages and their reasonable attorney's fees under 15 U.S.C. § 1117.

## SECOND CAUSE OF ACTION

### (Federal Trademark Dilution Under 15 U.S.C. § 1125(c) Against All Defendants)

53.     Plaintiffs reallege and incorporate by reference herein each and every allegation contained in the paragraphs above as if fully stated herein.

54.     Plaintiffs' LOCALI mark is inherently distinctive and has acquired distinction from other marks though Plaintiffs' long, continuous and exclusive use

thereof. Plaintiffs' LOCALI mark is famous and distinctive within the meaning of 15 U.S.C. §§ 1125(c)(1) and 1127.

55.    Defendants' actions described above and herein constitute the unauthorized use in interstate commerce of Plaintiffs' LOCALI mark. At all relevant times Defendants were aware of Plaintiffs' prior use of their LOCALI mark and began using a mark that is confusingly similar to Plaintiffs' LOCALI after Plaintiffs' mark became famous. Defendants' actions are likely to dilute, have diluted and will continue to dilute, the distinctive quality of the LOCALI mark.

56.    As a direct and proximate result of Defendants' wrongful actions, Plaintiffs are likely to suffer, have suffered, and will continue to suffer dilution of their LOCALI mark and their goodwill. Plaintiffs have no adequate remedy at law and are thus entitled to an injunction restraining Defendants, their officers, agents, employees and all persons acting in concert with Defendants, from engaging in further acts of dilution. If Defendants are not preliminarily and permanently enjoined, Defendants will continue to use marks confusingly similar to Plaintiffs' LOCALI mark and will cause irreparable damage to Plaintiffs.

57.    Pursuant to 15 U.S.C. § 1117, Plaintiffs are entitled to recover damages in an amount to be determined at trial, any profits made by Defendants by using the substantially similar mark, and the costs of this action. Plaintiffs are informed and believe, and thereby allege, that Defendants' actions described herein were done willfully and with the intention of causing confusion, mistake, or deception making this an exceptional case entitling Plaintiffs to recover additional treble damages and their reasonable attorney's fees under 15 U.S.C. § 1117.

## THIRD CAUSE OF ACTION

### (Federal Unfair Competition Under 15 U.S.C. § 1125(a) Against All Defendants)

58.    Plaintiffs reallege and incorporate by reference herein each and every

allegation contained in the paragraphs above as if fully stated herein.

59.   Defendants' actions described above and herein, including but not limited to, Defendants' use of a mark confusingly similar to Plaintiffs' LOCALI mark in interstate commerce to advertise, and market Defendants' restaurant "Loco'l" and Defendants' knowledge of Plaintiffs' prior use of the LOCALI mark constitutes unfair competition in violation of 15 U.S.C. § 1125(a).

60.   Defendants' continued use of the confusingly similar "Loco'l" mark in connection with Defendants' restaurant is likely to cause mistake, to deceive and to confuse members of the public who would be wrongfully led to believe that Defendants are associated with Plaintiffs, thereby depriving Plaintiffs of their valid trademark rights.

61.   Plaintiffs are informed and believe and thereby allege that Defendants, in adopting the "Loco'l" mark, acted willfully and with full knowledge of Plaintiffs' rights in the LOCALI mark.

62.   As a direct and proximate result of Defendants' wrongful actions, Plaintiffs are likely to suffer, have suffered, and will continue to suffer damages. Plaintiffs have no adequate remedy at law and are thus entitled to an injunction restraining Defendants, their officers, agents, employees and all persons acting in concert with Defendants, from engaging in further acts of unfair competition. If Defendants are not preliminarily and permanently enjoined, Defendants will continue to use marks confusingly similar to Plaintiffs' LOCALI mark and will cause irreparable damage to Plaintiffs.

63.   Pursuant to 15 U.S.C. § 1117, Plaintiffs are entitled to recover damages in an amount to be determined at trial, any profits made by Defendants by using the substantially similar mark, and the costs of this action. Plaintiffs are informed and believe, and thereby allege, that Defendants' actions described herein were done willfully and with the intention of causing confusion, mistake, or deception making this an exceptional case entitled Plaintiffs to recover additional

treble damages and their reasonable attorney's fees under 15 U.S.C. § 1117.

## FOURTH CAUSE OF ACTION

### (Common Law Trademark Infringement Against All Defendants)

64. Plaintiffs reallege and incorporate by reference herein each and every allegation contained in the paragraphs above as if fully stated herein.

65. Plaintiffs own and enjoy common law trademark rights to the LOCALI mark in California and throughout the United states.

66. The actions of Defendants described above and herein, including but not limited to, Defendants' use of a mark confusingly similar to Plaintiffs' LOCALI mark in interstate commerce to advertise and market Defendants' restaurant "Loco'l" in San Francisco and Los Angeles, California and nationally and Defendants' knowledge of Plaintiffs' prior use of the LOCALI mark constitutes violation of the common law of California.

67. Defendants' use of the term "Loco'l" in connection with Defendants' healthy fast food restaurant is likely to cause confusion or mistake, or will likely deceive the public with respect to the source and origin of Defendants' products and the affiliation, connection, or association of Plaintiffs' restaurant with Defendants and/or their restaurants.

68. Defendants' actions in the State of California are likely to cause, have caused and will cause irreparable injury to Plaintiffs.

69. As a direct and proximate result of Defendants' wrongful actions, Plaintiffs are likely to suffer, have suffered, and will continue to suffer damages. Plaintiffs have no adequate remedy at law and are thus entitled to an injunction restraining Defendants, their officers, agents, employees and all persons acting in concert with Defendants, from engaging in further acts of infringement. If Defendants are not preliminarily and permanently enjoined, Defendants will continue to use marks confusingly similar to Plaintiffs' LOCALI mark and will cause irreparable damage to Plaintiffs.

70.     Plaintiffs are entitled to recover damages in an amount to be determined at trial, any profits made by Defendants by using the substantially similar mark, and the costs of this action. Plaintiffs are informed and believe, and thereby allege, that Defendants' actions described herein were done willfully, maliciously and with the intention of causing confusion, mistake, or deception entitling Plaintiffs to recover additional punitive damages and their reasonable attorney's fees.

## FIFTH CAUSE OF ACTION

**(Violation Of Cal. Bus. & Prof. Code §17200 *et seq*. Against All Defendants)**

71.     Plaintiffs reallege and incorporate by reference herein each and every allegation contained in the paragraphs above as if fully stated herein.

72.     Cal. Bus. & Prof. Code §17200 *et seq*., states that unfair competition shall mean and include and "unlawful, unfair or fraudulent business act or practice."

73.     The actions of Defendants described above and herein, including but not limited to, Defendants' infringing on Plaintiffs' LOCALI mark by using a mark confusingly similar to Plaintiffs' LOCALI mark in commerce to advertise, and market Defendants' restaurant "Loco'l" and Defendants' knowledge of Plaintiffs' use of the LOCALI mark constitute unlawful and unfair business acts and/or practices in violation of the laws of the State of California.

74.     As a direct and proximate result of Defendants' wrongful actions, Plaintiffs are likely to suffer, have suffered, and will continue to suffer damages. Plaintiffs have no adequate remedy at law and are thus entitled to an injunction restraining Defendants, their officers, agents, employees and all persons acting in concert with Defendants, from engaging in further acts of unlawful and unfair business practices. If Defendants are not preliminarily and permanently enjoined, Defendants will continue to use marks confusingly similar to Plaintiffs' LOCALI mark and will cause irreparable harm to Plaintiffs.

75.     Plaintiffs are entitled to recover damages in an amount to be determined at trial, any profits made by Defendants by using the substantially similar marks and the costs of this action. Plaintiffs are informed and believe, and thereby allege, that Defendants' actions described herein were done with oppression, fraud and malice and with the intention of causing confusion, mistake, or deception entitling Plaintiffs to recover additional punitive damages and their reasonable attorney's fees.

### SIXTH CAUSE OF ACTION

### (Injury To Business Reputation And Dilution Under Cal. Bus. & Prof. Code § 14330 Against All Defendants)

76.     Plaintiffs reallege and incorporate by reference herein each and every allegation contained in the paragraphs above as if fully stated herein.

77.     Defendants' use of marks confusingly similar to Plaintiffs' LOCALI mark in California dilutes or is likely to dilute the distinctive quality of Plaintiffs' LOCALI mark, reduces or is likely to reduce the value of Plaintiffs' goodwill and business reputation, and destroys or is likely to destroy the exclusive association by the public of Plaintiffs to their LOCALI mark. Defendants' wrongful acts constitute injury to business reputation and dilution of the distinctive quality of Plaintiffs' mark within the meaning of Cal. Bus. & Prof. Code § 14330.

78.     As a direct and proximate result of Defendants' wrongful actions, Plaintiffs are likely to suffer, have suffered, and will continue to suffer damages. Plaintiffs have no adequate remedy at law and are thus entitled to an injunction restraining Defendants, their officers, agents, employees and all persons acting in concert with Defendants, from engaging in further acts of injury to reputation and dilution. If Defendants are not preliminarily and permanently enjoined, Defendants will continue to use marks confusingly similar to Plaintiffs' LOCALI mark and will cause irreparable damage to Plaintiffs.

////

## SEVENTH CAUSE OF ACTION

### (Declaratory Judgment)

79.      Plaintiffs reallege and incorporate by reference herein each and every allegation contained in the paragraphs above as if fully stated herein.

80.      Plaintiffs own and enjoy broad trademark rights to the LOCALI mark in California and throughout the United States.

81.      Plaintiffs have sent Defendants a cease and desist letter demanding that Defendants cease and desist from all further use of the confusingly similar "Loco'l" mark and withdraw their federal trademark application. Defendants have rejected and rebuked Plaintiffs' demands.

82.      Given these circumstances, and the circumstances described above, an actual and justiciable controversy, pursuant to 28 U.S.C. §§ 2201, *et. seq.*, has arisen between Plaintiffs and Defendants with respect to Defendants' use and intended use of the "Loco'l" mark in interstate commerce.

83.      Plaintiffs seek a declaration that Defendants' use and intended use of the "Loco'l" mark in interstate commerce infringes on Plaintiffs' broad trademark rights in their LOCALI mark.

84.      Plaintiffs have no adequate remedy at law and are thus entitled to an injunction restraining Defendants, their officers, agents, employees and all persons acting in concert with Defendants, from engaging in further acts of trademark infringement. If Defendants are not preliminarily and permanently enjoined, Defendants will continue to use marks confusingly similar to Plaintiffs' LOCALI mark and will cause irreparable harm to Plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court enter judgment against Defendants as follows:

1.      An order granting Plaintiffs injunctive relief under 15 U.S.C. § 1051 *et seq*.; and California Business and Professions Code §§ 17200 and 17500 *et seq*.,

that Defendants, and their officers, agents, servants, representatives, employees, attorneys, and all other persons acting in concert with them be preliminarily and permanently enjoined from:

      a.    committing any further acts of trademark infringement,

      b.    using "Loco'l" or any term that is likely to be confused with the LOCALI trademarks asserted herein,

      c.    engaging in any activity constituting unfair competition with LOCALI, or acts and practices that deceive customers, the public and/or trade, including without limitation, the use of "Loco'l" or any term that is likely to be confused with the LOCALI trademarks asserted herein;

2.    An order requiring Defendants to file with this Court and serve on Plaintiffs within thirty (30) days after entry of the injunction, a report in writing, under oath setting forth in detail the manner and form in which Defendants have complied with the injunction in accordance with 15 U.S.C. § 1116;

3.    An order requiring Defendants to file an express withdrawal of their federal trademark application for "Loco'l" filed on August 26, 2014, Serial Number 86377931 and to refrain from seeking any other trademark registration inconsistent with the foregoing injunctive relief;

4.    An order to the United States Patent and Trademark Office to cancel or refuse registration of Defendants' federal trademark application for "Loco'l" filed on August 26, 2014, Serial Number 86377931;

5.    An order awarding Plaintiffs all of Defendants' profits and all damages sustained by Plaintiffs as a result of Defendants' wrongful acts, and such other compensatory damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. § 1117;

6.    That such damages and profits be trebled and awarded to Plaintiffs and that Plaintiffs be awarded their costs, attorneys' fees and expenses in this suit pursuant to 15 U.S.C. § 1117, as a result of Defendants' willful, intentional and

deliberate acts in violation of the Lanham Act.

7.     That Plaintiffs be awarded damages in an amount sufficient to compensate them for the damage caused by Defendants' unfair competition under California Business and Professions Code §§ 17200 and 17500 *et seq*. and trademark infringement under California common law.

8.     That Plaintiffs be awarded punitive damages under Cal. Civ. Code § 3294.

9.     A declaratory judgment that Defendants' use and intended use of the mark "Loco'l" infringes Plaintiffs' trademark rights in their LOCALI mark.

10.     That Plaintiffs be granted such further relief as the Court may deem appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiffs respectfully demand a trial by jury in this action.


October 17, 2014                              LAW OFFICES OF GERARD FOX, INC.



                                   By:     /s/ Gerard P. Fox
                                           _____
                                           Gerard P. Fox
                                           Lauren M. Greene
                                           Attorneys for Plaintiffs
                                           GREG HOROS AND MELISSA
                                           ADELE ROSEN

**EXHIBIT "A"**

PTO Form 1478 (Rev 9/2006)
OMB No. 0651-0009 (Exp 12/31/2014)

## Trademark/Service Mark Application, Principal Register

**Serial Number: 85964444**
**Filing Date: 06/19/2013**

## To the Commissioner for Trademarks:

**MARK:** LOCALI (Standard Characters, see mark)
The literal element of the mark consists of LOCALI.
The mark consists of standard characters, without claim to any particular font, style, size, or color.

The applicants, Melissa Adele Rosen, a citizen of United States, having an address of
    5825 Franklin Avenue
    Los Angeles, California 90028
    United States

Greg Horos, a citizen of United States, having an address of
    5825 Franklin Avenue
    Los Angeles, California 90028
    United States

request registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended, for the following:

    International Class _____: catering, restaurant, take-out and delicatessen services; brick and mortar and online retail store services; clothing, water bottles and tote bags; salad dressings and marmalades; fresh prepared entrees and frozen prepared entrees; salads; meatless burgers; wraps; burritos; sandwiches; vegetable spreads and hummus; bakery products and mixes; meat, seafood and cheese substitutes; tofu; tabbouleh; pizza; coffee; cookbooks; and dietary supplements
Intent to Use: The applicant has a bona fide intention to use or use through the applicant's related company or licensee the mark in commerce on or in connection with the identified goods and/or services. (15 U.S.C. Section 1051(b)).

In International Class _____, the mark was first used by the applicant or the applicant's related company or licensee or predecessor in interest at least as early as 01/00/2009, and first used in commerce at least as early as 01/00/2009, and is now in use in such commerce. The applicants are submitting one(or more) specimen(s) showing the mark as used in commerce on or in connection with any item in the class of listed goods and/or services, consisting of a(n) Website pages and menu advertising restaurant/deli services and retail/market store services..
Specimen File1
Specimen File2
Specimen File3

The applicant's current Attorney Information:
    Ju Chang and George Salmas of Salmas Law Group

    Suite 611
    1880 Century Park East
    Los Angeles, California 90067
    United States

 The applicant's current Correspondence Information:
    Ju Chang
    Salmas Law Group
    Suite 611
    1880 Century Park East
    Los Angeles, California 90067
    310.556.0721(phone)
    jchang@salmas-law.com;gsalmas@salmas-law.com;gportela@salmas-law.com (not authorized)

A fee payment in the amount of $325 has been submitted with the application, representing payment for 1 class(es).

<div align="center">

**Declaration**

</div>

The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.

**Declaration Signature**

Signature: /ju chang/   Date: 06/19/2013
Signatory's Name: Ju Chang
Signatory's Position: Authorized attorney, California bar member
Signature: /ju chang/   Date: 06/19/2013
Signatory's Name: Ju Chang
Signatory's Position: Authorized Attorney, California bar member
RAM Sale Number: 85964444
RAM Accounting Date: 06/20/2013

Serial Number: 85964444
Internet Transmission Date: Wed Jun 19 16:57:22 EDT 2013

TEAS Stamp: USPTO/BAS-72.211.199.156-201306191657229
77536-85964444-500f3313272a625da2df88380
57c15cd85eef1a438eb67a94bdebfa876b1f78-C
C-4205-20130619162236131016

# LOCALI



Your Sustainable Neighborhood Deli & Market

Home to LA's One and Only **BAAADASSS BREAKFAST SANDWICH**,
the Internationally Acclaimed **VEGETARIAN REUBEN**,
and a Delicious Selection of Soul-Satisfying Foodstuff made with
Organic Ingredients and Shameless LOVE!



localistas
subscribe

Like 1.1k

★★★★★
We have 70
5-star reviews yelp

"Words
may
show a
man's
wit but
actions
his
meaning.
" -
Benjamin
Franklin

@locali
about 4
months
ago
Delivery
Service
at your
service -
ORDERS
of any
size
above
our
$20.00
minimum
are
available
at your
doorstep...
http://t.co
/b9MUWPlx

Copyright © 2012, Locali Conscious Convenience. All rights reserved.



@locali
about 5
months
ago
http://t.co
/E2eUdbky

@locali
about 5
months
ago

Older

Follow
@locali

- news
  RSS
- news
  Comments
  RSS

- terms
  &
  privacy
  policy

# the reuben



Locali | Order Online                          http://eat24hrs.com/restaurants/order/menu.php?id=21440



**Locali**
5825 Franklin Ave, 90028
(323) 466-1360

⬅ Back To Home Page

Live Chat

Full Menu

Menu Hours: 11:00 AM to 3:00 PM and 5:00 PM to 9:00 PM

### Soups

| | |
|---|---|
| Soup of The Day ☆ | $4.29 / $6.49 |
| Vegan Chili 🌿 ☆ | $4.29 / $6.49 |

### Organic Produce Salads

**The Southwest** — $10.99
Spinach layered with quinoa, black beans, avocado, bell pepper, tomato, chipotle lime dressing.

**The Scoop** — $10.99
Mixed greens hold a scoop of our homemade, gourmet tuna salad, tomatoes, homemade creamy dill dressing.

**The Love Bite** ☆ — $10.99
Cucumbers, diced tomatoes, chickpeas, quinoa, romaine, spinach, bell peppers, red cabbage slaw, sunflower seeds, maple mustard or creamy dill dressing (or both for two different salad experiences in one).

**The Boss' Ko Kale Salad (Naughty or Nice)** ☆ — $11.99
Kale massaged with olive oil, lemon, sea salt and served. Make it naughty - sundried tomatoes, walnuts, cayenne or nice – cranberries, walnuts, dash of agave.

**Side Saddle Salad** — $5.99
Mixed spring greens, chickpeas, cucumber slices, sunflower seeds with your choice of dressing.

### Hot Panini

**The Reuben** ☆ — $5.99 / $10.50
Localis internationally renowned, award winning, top seller! marinated tofu deli slices, swiss cheese or vegan cheese, sauerkraut, smothered with delectable homemade vegan Russian dressing on rye! made vegetarian, vegan or with turkey by request.

**The Franklin Phenomenon** ☆ — $5.99 / $10.50
Taste the one that started it all! Turkey, monterey jack, spinach, tomato, red onion slathered with our chipotle sauce on French sandwich bread.

**The Wayward Pilgrim** — $5.99 / $10.50
A sweet and savory reminder of the holiday season. Turkey, swiss, crushed walnuts, spinach, red onion, raspberry jam, dijon mustard on six-grain.

---

| Item | Qty | Price | Del |
|---|---|---|---|
| | Your cart is hungry | | |

| | |
|---|---|
| Subtotal: | $0.00 |
| Discount: | $0.00 |
| Tax: | $0.00 |
| Delivery Charge: | $5.00 |
| **Total:** | **$5.00** |

○ PICKUP 🔒          ◉ DELIVERY 🚚

Delivery Minimum: $20 (Before tax)
No minimum on Pickup orders

→ Check Out

Cart, don't follow me!

powered by **EAT24**.com

---

View Privacy Statement
By using our site you agree to our terms of use.

# LOCALI



## Your Sustainable Neighborhood Deli & Market

Home to LA's One and Only **BAAADASSS BREAKFAST SANDWICH**,
the Internationally Acclaimed **VEGETARIAN REUBEN**,
and a Delicious Selection of Soul-Satisfying Foodstuff made with
Organic Ingredients and Shameless LOVE!



localistas
subscribe

Like 1.1k

★★★★★
We have 70
5-star reviews yelp

"Words
may
show a
man's
wit but
actions
his
meaning.
" -
Benjamin
Franklin

@locali
about 4
months
ago
Delivery
Service
at your
service -
ORDERS
of any
size
above
our
$20.00
minimum
are
available
at your
doorstep...
http://t.co
/b9MUWPlx

Copyright © 2012, Locali Conscious Convenience. All rights reserved.

@locali
about 5
months
ago
http://t.co
/E2eUdbky



@locali
about 5
months
ago

Older

Follow
@locali

- news
  RSS
- news
  Comments
  RSS

- terms
  &
  privacy
  policy

# the reuben



Locali | Order Online                                    http://eat24hrs.com/restaurants/order/menu.php?id=21440



## Locali
**5825 Franklin Ave, 90028**
**(323) 466-1360**

← Back To Home Page

Live Chat

Full Menu

Menu Hours: 11:00 AM to 3:00 PM and 5:00 PM to 9:00 PM

### Soups

| | | |
|---|---|---|
| Soup of The Day ★ | | $4.29 / $6.49 |
| Vegan Chili ☘ ★ | | $4.29 / $6.49 |

### Organic Produce Salads

**The Southwest** — $10.99
Spinach layered with quinoa, black beans, avocado, bell pepper, tomato, chipotle lime dressing.

**The Scoop** — $10.99
Mixed greens hold a scoop of our homemade, gourmet tuna salad, tomatoes, homemade creamy dill dressing.

**The Love Bite** ★ — $10.99
Cucumbers, diced tomatoes, chickpeas, quinoa, romaine, spinach, bell peppers, red cabbage slaw, sunflower seeds, maple mustard or creamy dill dressing (or both for two different salad experiences in one).

**The Boss' Ko Kale Salad (Naughty or Nice)** ★ — $11.99
Kale massaged with olive oil, lemon, sea salt and served. Make it naughty - sundried tomatoes, walnuts, cayenne or nice – cranberries, walnuts, dash of agave.

**Side Saddle Salad** — $5.99
Mixed spring greens, chickpeas, cucumber slices, sunflower seeds with your choice of dressing.

### Hot Panini

**The Reuben** ★ — $5.99 / $10.50
Localis internationally renowned, award winning, top seller! marinated tofu deli slices, swiss cheese or vegan cheese, sauerkraut, smothered with delectable homemade vegan Russian dressing on rye! made vegetarian, vegan or with turkey by request.

**The Franklin Phenomenon** ★ — $5.99 / $10.50
Taste the one that started it all! Turkey, monterey jack, spinach, tomato, red onion slathered with our chipotle sauce on French sandwich bread.

**The Wayward Pilgrim** — $5.99 / $10.50
A sweet and savory reminder of the holiday season. Turkey, swiss, crushed walnuts, spinach, red onion, raspberry jam, dijon mustard on six-grain.

---

| Item | Qty | Price | Del |
|---|---|---|---|
| Your cart is hungry | | | |

| | |
|---|---|
| Subtotal: | $0.00 |
| Discount: | $0.00 |
| Tax: | $0.00 |
| Delivery Charge: | $5.00 |
| **Total:** | **$5.00** |

○ PICKUP 🛍     ◉ DELIVERY 🚚

Delivery Minimum: $20 (Before tax)
No minimum on Pickup orders

→ Check Out

Cart, don't follow me!

powered by EAT24.com

---

View Privacy Statement
By using our site you agree to our terms of use.

**EXHIBIT "B"**

PTO Form 1478 (Rev 9/2006)
OMB No. 0651-0009 (Exp 12/31/2014)

## Trademark/Service Mark Application, Principal Register

**Serial Number: 85964591**
**Filing Date: 06/19/2013**

## To the Commissioner for Trademarks:

**MARK:** LOCALI CONSCIOUS CONVENIENCE (Standard Characters, see mark)
The literal element of the mark consists of LOCALI CONSCIOUS CONVENIENCE.
The mark consists of standard characters, without claim to any particular font, style, size, or color.

The applicants, Melissa Adele Rosen, a citizen of United States, having an address of
    5825 Franklin Avenue
    Los Angeles, California 90028
    United States

Greg Horos, a citizen of United States, having an address of
    5825 Franklin Avenue
    Los Angeles, California 90028
    United States

request registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended, for the following:

    International Class _____: catering, restaurant, take-out and delicatessen services; brick and mortar and online retail store services; clothing, water bottles and tote bags; salad dressings and marmalades; fresh prepared entrees and frozen prepared entrees; salads; meatless burgers; wraps; burritos; sandwiches; vegetable spreads and hummus; bakery products and mixes; meat, seafood and cheese substitutes; tofu; tabbouleh; pizza; coffee; cookbooks; and dietary supplements
Intent to Use: The applicant has a bona fide intention to use or use through the applicant's related company or licensee the mark in commerce on or in connection with the identified goods and/or services. (15 U.S.C. Section 1051(b)).

In International Class _____, the mark was first used by the applicant or the applicant's related company or licensee or predecessor in interest at least as early as 01/00/2009, and first used in commerce at least as early as 01/00/2009, and is now in use in such commerce. The applicants are submitting one(or more) specimen(s) showing the mark as used in commerce on or in connection with any item in the class of listed goods and/or services, consisting of a(n) web pages and menu advertising restaurant/deli services and retail/market store services..
Specimen File1
Specimen File2
Specimen File3

The applicant's current Attorney Information:
    Ju Chang and George Salmas of Salmas Law Group

    Suite 611
    1880 Century Park East
    Los Angeles, California 90067
    United States

 The applicant's current Correspondence Information:
    Ju Chang
    Salmas Law Group
    Suite 611
    1880 Century Park East
    Los Angeles, California 90067
    310.556.0721(phone)
    jchang@salmas-law.com;gsalmas@salmas-law.com;gportela@salmas-law.com (not authorized)

A fee payment in the amount of $325 has been submitted with the application, representing payment for 1 class(es).

## Declaration

The undersigned, being hereby warned that willful false statements and the like so made are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements, and the like, may jeopardize the validity of the application or any resulting registration, declares that he/she is properly authorized to execute this application on behalf of the applicant; he/she believes the applicant to be the owner of the trademark/service mark sought to be registered, or, if the application is being filed under 15 U.S.C. Section 1051(b), he/she believes applicant to be entitled to use such mark in commerce; to the best of his/her knowledge and belief no other person, firm, corporation, or association has the right to use the mark in commerce, either in the identical form thereof or in such near resemblance thereto as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion, or to cause mistake, or to deceive; and that all statements made of his/her own knowledge are true; and that all statements made on information and belief are believed to be true.

**Declaration Signature**

Signature: /ju chang/   Date: 06/19/2013
Signatory's Name: Ju Chang
Signatory's Position: Attorney of record, California bar member
Signature: /ju chang/   Date: 06/19/2013
Signatory's Name: Ju Chang
Signatory's Position: Authorized Attorney, California bar member
RAM Sale Number: 85964591
RAM Accounting Date: 06/20/2013

Serial Number: 85964591
Internet Transmission Date: Wed Jun 19 18:27:02 EDT 2013

TEAS Stamp: USPTO/BAS-72.211.199.156-201306191827025
40014-85964591-5008f38483e2e44e32bf3ca49
655d9f21c68446386918b028a8264132d520e8-C
C-5857-20130619181013035203

# LOCALI CONSCIOUS CONVENIENCE



Your Sustainable Neighborhood Deli & Market

Home to LA's One and Only **BAAADASSS BREAKFAST SANDWICH**,
the Internationally Acclaimed **VEGETARIAN REUBEN**,
and a Delicious Selection of Soul-Satisfying Foodstuff made with
Organic Ingredients and Shameless LOVE!



localistas
subscribe

Like 1.1k

★★★★★
We have 70
5-star reviews

"Words
may
show a
man's
wit but
actions
his
meaning.
" -
Benjamin
Franklin

@locali
about 4
months
ago
Delivery
Service
at your
service -
ORDERS
of any
size
above
our
$20.00
minimum
are
available
at your
doorstep...
http://t.co
/b9MUWPlx

@locali
about 5
months
ago
http://t.co
/E2eUdbky

Copyright © 2012, Locali Conscious Convenience. All rights reserved.



@locali
about 5
months
ago

Older

Follow
@locali

- news
  RSS
- news
  Comments
  RSS

- terms
  &
  privacy
  policy

## the reuben



Locali | Order Online                                    http://eat24hrs.com/restaurants/order/menu.php?id=21440



**Locali**
5825 Franklin Ave, 90028
(323) 466-1360

← Back To Home Page

Live Chat

**Full Menu**

Menu Hours: 11:00 AM to 3:00 PM and 5:00 PM to 9:00 PM

| Item | Qty | Price | Del |
|------|-----|-------|-----|

### Soups

| | |
|---|---|
| Soup of The Day ☆ | $4.29 / $6.49 |
| Vegan Chili 🌶 ☆ | $4.29 / $6.49 |

Your cart is hungry

Subtotal:     $0.00
Discount:     $0.00
Tax:     $0.00
Delivery Charge:     $5.00

**Total: $5.00**

○ PICKUP 🔒          ◉ DELIVERY 🚚

Delivery Minimum: $20 (Before tax)
No minimum on Pickup orders

→ Check Out

Cart, don't follow me!

*powered by* EAT24.com

### Organic Produce Salads

**The Southwest**     $10.99
Spinach layered with quinoa, black beans, avocado, bell pepper, tomato, chipotle lime dressing.

**The Scoop**     $10.99
Mixed greens hold a scoop of our homemade, gourmet tuna salad, tomatoes, homemade creamy dill dressing.

**The Love Bite** ☆     $10.99
Cucumbers, diced tomatoes, chickpeas, quinoa, romaine, spinach, bell peppers, red cabbage slaw, sunflower seeds, maple mustard or creamy dill dressing (or both for two different salad experiences in one).

**The Boss' Ko Kale Salad (Naughty or Nice)** ☆     $11.99
Kale massaged with olive oil, lemon, sea salt and served. Make it naughty - sundried tomatoes, walnuts, cayenne or nice – cranberries, walnuts, dash of agave.

**Side Saddle Salad**     $5.99
Mixed spring greens, chickpeas, cucumber slices, sunflower seeds with your choice of dressing.

### Hot Panini

**The Reuben** ☆     $5.99 / $10.50
Localis internationally renowned, award winning, top seller! marinated tofu deli slices, swiss cheese or vegan cheese, sauerkraut, smothered with delectable homemade vegan Russian dressing on rye! made vegetarian, vegan or with turkey by request.

**The Franklin Phenomenon** ☆     $5.99 / $10.50
Taste the one that started it all! Turkey, monterey jack, spinach, tomato, red onion slathered with our chipotle sauce on French sandwich bread.

**The Wayward Pilgrim**     $5.99 / $10.50
A sweet and savory reminder of the holiday season. Turkey, swiss, crushed walnuts, spinach, red onion, raspberry jam, dijon mustard on six-grain.

View Privacy Statement
By using our site you agree to our terms of use.

# LOCALI CONSCIOUS CONVENIENCE



Your Sustainable Neighborhood Deli & Market

Home to LA's One and Only **BAAADASSS BREAKFAST SANDWICH**,
the Internationally Acclaimed **VEGETARIAN REUBEN**,
and a Delicious Selection of Soul-Satisfying Foodstuff made with
Organic Ingredients and Shameless LOVE!



localistas
subscribe

Like 1.1k

★★★★★
We have 70
5-star reviews

"Words
may
show a
man's
wit but
actions
his
meaning.
" -
Benjamin
Franklin

@locali
about 4
months
ago
Delivery
Service
at your
service -
ORDERS
of any
size
above
our
$20.00
minimum
are
available
at your
doorstep...
http://t.co
/b9MUWPlx

@locali
about 5
months
ago
http://t.co
/E2eUdbky



@locali
about 5
months
ago

Older

Follow
@locali

- news
  RSS
- news
  Comments
  RSS

- terms
  &
  privacy
  policy

Copyright © 2012, Locali Conscious Convenience. All rights reserved.

# the reuben



Locali | Order Online                                    http://eat24hrs.com/restaurants/order/menu.php?id=21440



## Locali
**5825 Franklin Ave, 90028**
**(323) 466-1360**

← Back To Home Page

Live Chat

**Full Menu**

**Menu Hours: 11:00 AM to 3:00 PM and 5:00 PM to 9:00 PM**

### Soups

| | | Item | Qty | Price | Del |
|---|---|---|---|---|---|

Soup of The Day ☆          $4.29 / $6.49

Vegan Chili ☆             $4.29 / $6.49

Your cart is hungry

Subtotal:   $0.00
Discount:   $0.00
Tax:   $0.00
Delivery Charge:   $5.00

Total: $5.00

### Organic Produce Salads

**The Southwest**          $10.99
Spinach layered with quinoa, black beans, avocado, bell pepper, tomato, chipotle lime dressing.

○ PICKUP     ⊙ DELIVERY

**The Scoop**          $10.99
Mixed greens hold a scoop of our homemade, gourmet tuna salad, tomatoes, homemade creamy dill dressing.

Delivery Minimum: $20 (Before tax)
No minimum on Pickup orders

**The Love Bite** ☆          $10.99
Cucumbers, diced tomatoes, chickpeas, quinoa, romaine, spinach, bell peppers, red cabbage slaw, sunflower seeds, maple mustard or creamy dill dressing (or both for two different salad experiences in one).

→   Check Out

Cart, don't follow me!

**The Boss' Ko Kale Salad (Naughty or Nice)** ☆          $11.99
Kale massaged with olive oil, lemon, sea salt and served. Make it naughty - sundried tomatoes, walnuts, cayenne or nice – cranberries, walnuts, dash of agave.

*powered by* EAT24.com

**Side Saddle Salad**          $5.99
Mixed spring greens, chickpeas, cucumber slices, sunflower seeds with your choice of dressing.

### Hot Panini

**The Reuben** ☆          $5.99 / $10.50
Localis internationally renowned, award winning, top seller! marinated tofu deli slices, swiss cheese or vegan cheese, sauerkraut, smothered with delectable homemade vegan Russian dressing on rye! made vegetarian, vegan or with turkey by request.

**The Franklin Phenomenon** ☆          $5.99 / $10.50
Taste the one that started it all! Turkey, monterey jack, spinach, tomato, red onion slathered with our chipotle sauce on French sandwich bread.

**The Wayward Pilgrim**          $5.99 / $10.50
A sweet and savory reminder of the holiday season. Turkey, swiss, crushed walnuts, spinach, red onion, raspberry jam, dijon mustard on six-grain.

View Privacy Statement
By using our site you agree to our terms of use.

**EXHIBIT "C"**

WHAT IS MAD?          SUBSCR

# ROY CHOI AND DANIEL PATTERSON LAUNCH LOCO'L

25 August 2014 • Daniel Patterson



## About Us

A blog celebrating the past, present and future of all things food.

Visit us on **iTunes** + **Vimeo**

## Categories

Talks        MAD News

Interviews        Essays



Visit the Mad Organisation Site

## Instagram @themadfeed

  

  

## Twitter Feed

**@TheMADFeed**

*Just a few moments ago, **Daniel Patterson** and **Roy Choi** took to the stage at MAD4 and announced that they will be launching **loco'l**, a concept that aims to supplant the fast-food chains and convenience stores that separate our youth from the taste of real food. The first branch will launch on the west coast in the spring of 2015. Here's Patterson on a few details. Stay tuned for more news on this collaboration and its efforts:*

Two years ago I started teaching cooking classes to kids from an organization in San Francisco called **Larkin Street Youth Services.** Larkin Street takes in young adults who have been living on the streets, and provides them with food, housing, counseling, and job training. Many of them had subsisted their whole lives on processed food; few had ever cooked before. I showed them simple, tasty dishes from diverse cultural traditions that they could recreate on their own. Watching the students discover food cooked with good ingredients was a revelation.

Inspired by that experience, I formed a non-profit foundation called **The Cooking Project**. Through a series of free classes, we not only teach young people how to cook, but also the value of gathering around the table. Over the last year we have connected with many other non-profit and social justice organizations, but I knew from the beginning that no matter how much it grew, the foundation wouldn't be enough to create widespread change. I needed to start a business that could grow quickly and supplant the fast-food chains and convenience stores that separate our youth from the taste of real food. I envisioned a new kind of fast-food restaurant that served real food in a nice environment, and which could contribute to the neighborhood around it in myriad ways. For the same price as corporate chains, we could cook dishes so compelling and delicious that the people who went there would begin to crave more nutritious food. It was a great concept, but I had no idea where to start.

My answer lay to the south, in Los Angeles, where Roy Choi was bringing people together from all over the city around **Kogi**—food trucks that served tasty, hard-to-categorize food. As Kogi's reputation and success grew, so did Roy's drive to feed more people. He began opening brick and mortar places that improved their communities, like 3 Worlds Cafe, a fruit and juice bar in South Central, an area of the city that lacks real, nutritious food.



*Choi at MAD3*

Last year at MAD, **Roy talked about hunger**. About the fact that so many people in the U.S. don't have enough to eat. About all of the neighborhoods that have no access to real food, despite being close to more affluent communities



**Squid Ink** 10 Oct
@LAWeeklyFood

Should Chefs Be Agents of Social Change? ow.ly/CzdQb

Retweeted by madfeed.co

Expand



that do. The invisible barrier, he called it. Roy spoke

passionately about social responsibility and creating cultural change, saying that cooks could and should do more. He challenged the chefs there to use their skills to bring real food to people in need. He said everything I was thinking. After MAD, I called him and told him my idea.

Together, we are making our vision a reality in the form of **loco'l**. The first branch of this new restaurant company will open in San Francisco in spring of 2015, and the second in Los Angeles a few months later. We want you to see the final product for yourselves when we open, but below is an excerpt from the raw, stream-of-consciousness mission statement that we sent to our designers, to give you an idea of what we're planning.

This would not have happened without MAD, but MAD itself would not have happened without the evolution of the role of a chef in today's society. Long hours and hard work will always be a requisite for being a good chef. But now food is culturally valued in a way that has opened up new possibilities. High-level chefs have an opportunity to do much more than just cook for the few people who can afford it. We can create real change, in this case by building a better business. As much as thoughtful articles and speeches and books are important in shifting how we think, they are not going to solve the food problems we have in our country. Our government certainly won't solve them, either. We have to act if we want change. If we can open profitable restaurants that are inexpensive and serve delicious food made with real ingredients; if we bring new options to places that currently lack quality food; if we cook with heart; if we create an environment of warmth, generosity, and caring; and if we value the people with less money just as much as the ones with plenty, we can make a difference.

We will put our decades of cooking experience into the menu development, but we won't be alone. We will work with our friends, like Chad Robertson from Tartine, who is creating whole-grain, long-fermented buns for us. Our board of directors will be filled with great chefs who can contribute their knowledge and guidance, like Rene. We hope that loco'l, like MAD, will capture the spirit of our generation: This is a time of collaboration, cooperation, and sharing.

We hope you'll join us.

Peace and love,

Daniel and Roy



*loco'l is the whole idea of local but loco to change. Local meaning family and caring for each other and the world. Loco for not taking the shit that's being passed down and perpetuated on us. It's this push and pull of honesty, love, and revolt.*

*It's delicious food that crosses all cultural boundaries, that represents what America is now. Tasty, healthful, made from whole foods, good ingredients, principles of sustainability.*

*We see it as a gathering place which everyone can use in a different way, and where everyone can feel comfortable. We can create workshops and bring in instructors to use the spaces as classrooms for yoga, meditation, art, wellness. Pay our staff good and treat them well. Create a culture of hospitality and caring in everyone who works there. Work with young artists to create kids toys but also to spread culture through their art. Really good lighting. Great music.*

*We will open in upscale malls and next to highways, in downtowns and trendy neighborhoods. But what will change everything is that we will also open in the inner city areas where there are only big corporate chains, places where you will never see real food or high quality operators.*

*Delicious food for everyone. That's the revolution.*

mad news     daniel patterson     roy choi

Like 357   Tweet 187   26

**MADFEED**

What is MAD?

Subscribe

MADSymposium

**SOCIAL**

Facebook

Twitter

Instagram

Site Design by: Tiffany Pan

© 2013 MADFeed. All Rights Reserved.

**EXHIBIT "D"**


100 Vintners, 40 Chefs, 40 Events, 5 Days of Food, Wine & Fun

FLAVOR! NAPA VALLEY
A CELEBRATION OF FOOD | WINE | FUN

November 19 - 2[...]
BUY TICKET[...]

EATER INTERVIEWS   CALIFORNIA

# Roy Choi on Creating a Revolutionary Kind of Fast Food

by Hillary Dixler Sep 2 2014, 10:35a @hillarydixler   2 COMMENTS



SHARE (15)   TWEET (3)



Photo: Travis Jensen
×

DON'T MISS STORIES. FOLLOW EATER

*At this Summer's MAD food symposium, California chefs **Daniel Patterson** (Coi, SF) and **Roy Choi** (Kogi, LA) dropped the bombshell news that they are going into the fast food business together. Their concept is called **Loco'l**, and the plan is to serve wholesome foods cheaply. Patterson reached out to Choi about the project shortly after last Summer's MAD symposium. Now Patterson and Choi hope to open the first Loco'l location in San Francisco in Spring 2015, with plans for a Los Angeles location and then world domination to follow.*

Eater caught up with Choi after he got back from MAD to find out more about how progress on Loco'l is going, what his partnership with Patterson looks like, and what diners can expect from a fast food restaurant from two big name chefs. Choi and Patterson are not "coming in with any gourmet agenda," says Choi. "We're not trying to be Fast Food Plus and that's exactly why the cornerstone of Loco'l is that we want to make **a 99 cent burger**." Read on for more about the vision for Loco'l:

**Congratulations on making the announcement, that's pretty huge.**
Thank you.

**What was it like when you got the call from Daniel? What was your first reaction to his proposal?**
I don't know, it felt pretty natural. I saw him at MAD last year and right before I went to MAD, I read an article in the *San Francisco Chronicle* about the work he was doing up at the kitchen with the Cooking Project.

It seemed kind of serendipitous, I guess. As far as me preparing my speech and then me being about what Daniel was doing. I knew who Daniel was, but I knew him through other friends, but we had never met yet. Then I saw him in Copenhagen and we talked and bumped into each other at last, but it's kind of like those meetings where you know you want to talk to each other but the situations don't really allow for it.

Then I gave my speech, he gave me a big hug after and we kind of went our separate ways, and then he called a couple months later and I don't know, it was the right time, the right moment. It was just, "Yeah, let's do this."

**Can you describe the vision right now for Loco'l?**

> The vision is to create a fast food concept with the heart of a chef.

The vision is to create a fast food concept that's delicious, but do it with the heart of a chef, so it's a combination of a lot of different principles. One is as chefs, we're approaching it just like we would another restaurant. So that's design, function, systems, fee and costs, organizations, sourcing, product, farmers, ingredients, recipes, training, all that stuff. Then on the other side of it is being very aware of what fast food is and what it's become in America, and why it's so important, popular, and powerful. Not trying to throw all of those things away. I really believe in the crawl before you walk method of things.

So the fact is, we've destroyed our whole eating culture and we've destroyed a lot of who we are as humans in America by the way we're eating. We poisoned basically the last 2 generations. It's really hard to just jump out of that, you know what I mean? Basically just sedated and numbed our whole existence with all the sugar and chemicals ... It's really hard to step back and eat just a regular piece of fruit.

It would be ignorant and stupid of us to not acknowledge that and understand all that. The concept is just a small bridge. What I meant by toe to toe is let's use all of the things that fast food is using, but start to change each thing little by little, so price point, toys, the menu.

> Because we can sit here and blast about fast food, but the fact
> is they're winning.

Making things addictive, but making them addictive for the right reasons. Finding the flavor is the biggest challenge that we're putting in front of ourselves as chefs, is to use all of our technique and all of our knowledge to create a flavor that is relative and connects with the people. Because we can sit here and blast all day long about fast food, but the fact is they're winning. It is what it is. People love a Big Mac, people love a Quarter Pounder, people love KFC and Churches and Popeye's. People love that. It doesn't help if we're going to just try to say, "Don't eat any of that stuff."

**How do you get around that?**

Our biggest concept is to not be any different than any of these other spots. To not come in with any gourmet agenda and just know from the inside out that we're doing the right thing. But we just want to be right next to any other fast food joint. This is not just inner cities, this is everywhere. We eat some of the worst food in our suburbs. I could take you to suburbs here in LA County that are affluent suburbs and there ain't nothing to eat except chain restaurants. If we take trips up the highway, if I take you up to Highway 5, there's nothing but fast food. It's really just putting it next to these places. So I would love it if Loco'l sat next to McDonalds, a Burger King, a KFC, a Taco Bell, a Del Taco. So anyone who doesn't know about who we are, will just see another fast food restaurant.

That's the concept, but then when you walk in, I believe that the way we're going to create it with the design using the idea of Danish furniture and Danish ergonomics in the design and just our graphics and our culture, and paying our people well, playing good music, using great lighting, getting away from fluorescents, using natural materials. The culture that we would set in any restaurant, the culture

you would set in Coi or A-frame is a culture we will set in these places. So I hope that maybe you didn't even know what Loco'l was coming in, but when you come in, and it makes you feel good about yourself. That's the initial concept.

**Where are you guys at with the menu?**
We put the cart in front of the horse, and we kind of challenged ourselves. We don't have anything yet. We just told y'all that we're going to open this year. We haven't even got to work yet. Really, we know the menu could change at any moment, but we know we got to put burgers on there, so that's one. We're thinking about making it a cross-cultural menu, so we're exploring things like falafel, schwarma, noodle bowls, and rice bowls. Things that go across cultures and that we would just naturally want to eat in any environment. The menu is going to be just filled with flavor. We're going to have soft-serve ice cream but made the way we would do it as chefs with natural, beautiful fruit toppings and compotes. But really it's based around the burger.

> We want to create a burger stand.

We want to just create a burger stand, a fast food chain. We're just trying to take it back to basics. A lot of these fast food chains weren't evil before. They started out as wholesome, wonderful burger stands. Somehow along the line as businesses grow, money and things start to change your decisions. Then before you know it, sometimes you don't know which way is up anymore. Our philosophy in this is to always know which way is up.

Chefs never seem to lose that sense of balance in many ways. Some chefs lose it for a moment with fame and things like that, but they never... Chefs are never put in a corner to where they would serve the stuff that these places are serving right now. That's what we're relying

on; even if we do get huge and big, and we get to a point where it pushes us in a corner and all these investors and everything are telling us what to do, I have to believe that as chefs, we would never get to the point where we would be serving poison to people.

> I have to believe that as chefs, we would never get to the point where we would be serving poison to people.

I don't necessarily blame [fast food companies], you know maybe there are some evil intentions here or there, but maybe they're lost, maybe they're in the weeds. That's how I look at it sometimes. Maybe McDonald's and Burger King and all these places, they're truly in the weeds and maybe they just need someone to take them out of the weeds a little bit.

We know that the cornerstone of the American fast food chain is the burger and the sandwich and the fried items. We're going to take a look at all of that and dissect it and then revisit it. So the first example of that is our burger. How do we take that burger and not make it a gourmet burger, make it a burger that feels, tastes, looks, smells, and sits in your hand just like a Quarter Pounder.

Our idea is using Chad [Robertson] over at Tartine to help us bake the bread. I mean this guy makes the best bread in America and we're like, don't make the best bread in America. Make a bun that is soft and squishy just like the fast food bun. Help us do that, but let's use right, you know let's do a long-fermented dough, let's incorporate rice in there somehow. So we have that, we're taking each element and breaking it apart and asking ourselves, How can we find the price point, but challenge the status quo? The burger — cutting it with grains and the tofu — is finding a way because we don't have the power to get our meat at the same prices that these chains do yet.

**Right. What are some other strategies for keeping food costs low and quality high?**

It doesn't have to be all meat. That was kind of what Daniel and I, that was our ah-ha moment with everything ... We can't use the same method, so we have to be creative about it. How are we going to get it 99 cents, and if we can't do it by buying straight meat, then you know what, let's use grains and tofu and cut things. Let's use rice, let's figure

those things out. That's kind of some of the strategy that we're using.

> I don't want to act like we're the saviors and we're re-inventing the wheel.

I don't want to act like we're the saviors and we're re-inventing the wheel. There are people out there doing great food in the fast food sector like Shake Shack. Chipotle has been doing their thing, In-N-Out. The main thing is even with a lot of those chains, their food is still not 99 cents and McDonald's is 99 cents. That's really the difference in Loco'l is. It's not trying to compete with Shake Shack and Chipotle or other kinds of semi-gourmet fast food chains.

**Right, at MAD Daniel called it called it "Fast Food Plus."**
Yeah, we're not trying to be Fast Food Plus and that's exactly why the cornerstone of Loco'l is that we want to make a 99 cent burger.

Daniel has the science and the methodology to help us dissect all that. I have the respect and the connection to the people. So I know what people want to eat because I'm out there doing it.

**Can you tell me more about your working relationship with Daniel?**
We're a duo, so it's one guy might do one thing, one guy might do another, but ultimately we're one being. We're trying to maximize everything we're good at without getting into the politics and ego.

I'm a part of a street food revolution, I'm out there on the streets, I'm cooking with people. I have a lot of bold flavors. I kind of know how to create food that has an identity, you know an iconic voice. He really trusts me to have a cultural finger on the nerve.

Daniel is extremely gifted and smart and well-versed in the sciences of cooking and the methodology of cooking. Even though I'm a chef

too, it's like, I know he's better at that than I am. So let him bring that superpower into play. He knows that I'm better at explaining the concept to someone like you. So let me do all the interviews. We just try to up-play everything we're good at. But then at the same time, bring it together as one thing. I don't really like to think about, I don't ever get bogged down with the business stuff too much. I like to just believe. I'm kind of a hippy in that way. Daniel knows business and so he's looking at those things. We fill in each other's blind spots.



*Daniel Patterson and Roy Choi presenting at MAD 4. [Photo: Amy McKeever/Eater]*

**And this will be a for-profit company?**

It's a for-profit. But the profit is not just money. If you want a deep answer to that question, for-profit means, for-profit to us as humans. It's for-profit for the people who eat this food and feel good about themselves. It's for-profit for people to use it as a community resource center. It's for-profit to spark other movements. It's for-profit to make money so we can use that money to invest in other operations. When you say for-profit, that's a relative term because we trying also to

reduce our profits to make the food affordable.

We want the place to have community workshops to be open before hours, after hours, for you to be able to have free wifi so you can use it as an office if you need to.

It's a business, you know why because a lot of times what happens if it's a non-profit is you get stuck in the situation of raising money. Much love to all my non-profits out there, you know I'm involved with a lot of them and I love them to death but you know that's not our discipline. That's not our forte as chefs. I don't want to operate Loco'l waiting for people to give us money. I want to operate this as a business just like a restaurant so that we are thinking about things that we could do instead of waiting for the money to do it.



[Screengrab: *Official Website*]

**And you also have a board of directors?**
Right now only René [Redzepi] is on it. Right now the board is René, me, and Daniel. We'd love to get [chefs] involved. We'd love to get scientists up there and we'd love to get community leaders and authors and artists and thinkers and designers ... The board will help us evolve and stay in tune with our mission.

**How is the opening planning going?**

We were gonna start big, we were gonna try to [open with] a bunch of locations at the beginning, but we realized, you know what, let's do it the way we know how to do it right, which is as a chef. [It's to] build one location at a time and do it right. So that's why we're going SF, LA and then out from there.

**What stage of development are you guys at right now with the San Francisco and LA locations? Spring 2015 is not that far away.**

We don't have anything ready yet.

Again I think we put the cart in front of the horse a little bit to keep us motivated. It's amazing what us as chefs can get done when we're under pressure. We don't have anything ready yet. But we put that message out there in the universe so that we could continue to push ourselves to get it done. Because this is a project that if we didn't do that, it could take a couple years.

Right now since it's out there, we've been on the phone and emails talking to people, real estate agents, community leaders, investors. Daniel's right behind, I know what he's doing, he's talking to a bunch of people in San Francisco. I'm talking to you right now. We're at work.

Our goal is to get it by Spring of '15. If it's Summer or early Fall '15, then it is what it is, but we're going for Spring of '15.

*This interview has been condensed.*

· Roy Choi & Daniel Patterson to Open Fast Food Concept [-E-]
· All Roy Choi Coverage on Eater [-E-]



**EXHIBIT "E"**

BREAKING

# Roy Choi & Daniel Patterson to Open Fast Food Concept

by Daniela Galarza Aug 25 2014, 5:15a @superdaniela    1 COMMENT



SHARE    TWEET



| Chefs Daniel Patterson and Roy Choi on stage at MAD | Photo: Amy McKeever |

DON'T MISS STORIES. FOLLOW EATER    ✕

At this year's **MAD** symposium, Los Angeles-based chef **Roy**

**Choi**(Kogi, POT, Commissary) and San Francisco-based **Daniel Patterson** (Coi) announced that were going into the fast food business together. Their new concept, which is still under development, is named **loco'l** — which means both local and crazy — and the first location will open in San Francisco in **2015**. Locations — "Like a million," says Patterson — in Los Angeles and across the U.S. will follow.

Choi says the concept was inspired by the energy at "skate parks." He'll front the operation, while Patterson will do a lot of the recipe testing and organize back-of-house operations. Patterson has already developed the burger patty, which was cut with grain to make it more affordable. **Chad Robertson** of San Francisco's Tartine Bakery has created a recipe for a burger bun that's nutritious, whole-grain, and made from 20 percent rice. When he was asked how you start up a concept like this, Choi said, "How do you start?**Fuck it man, you just start.**" Go check out a photo of Patterson serving samples of his new loco'l burgers to MAD attendees:

Yesterday, Roy Choi told ISSF, "We want to go toe to toe with fast food chains and offer the community a choice." Menu items at loco'l will not exceed a $6 price point, put it at the same level as national fast food chains. ISSF confirms that the food will be made by chefs on site at each location and that the food will be "well-sourced" and "seasonal."

· All Roy Choi Coverage on Eater [-E-]
· All Daniel Patterson Coverage on Eater [-E-]
· Chefs Unite in Fast-Food Idea [ISSF]
· All MAD Coverage on Eater [-E-]



**EXHIBIT "F"**







Chrome File Edit View History Bookmarks Window Help
Thu 1:23 PM
Search results
Revel Systems
(2) Twitter
Scheduler :: Loca
Log Out
Papi Chu-Don't-
Twitter, Inc. [US] https://twitter.com
Home
Notifications
Discover
Me
ridi
ridiculousness
riding
ridikulousmon3y
ridinwit_esha
Papi Chu-Don't-Know @RidingShotg...
You follow each other
Loren Ridinger @lorenridinger
Ridiculousness @WeLoveRobDyrdek
Ridiculousness @ridiculousness
RidingWithRobots @ridingrobots
Vergüenza ajena! @Ridiculizados
Search all people for ridi
Tweets
locali
@locali
TWEETS 5,913
FOLLOWING 1,021
FOLLOWERS 2,972
Compose new Tweet...
Who to follow · Refresh · View all
LA Food & Wine @lafoodwine
Follow
STK Los Angeles @STKLos...
Followed by Lucy Lean and ...
Follow
Find people you know
Import your contacts from Gmail
Connect other address books
Mar Yvette @marpop
A true trailblazer. Than
(Repost from kenbaker
Expand
Foodista @foodista
Kitchen Secrets Video:
Secrets follow the brilli
Expand
Jamelle Bouie @jbouie
Sorry @Ed_Baptist. Lo
Racist.
Washington, DC
Expand
RichardBlais @Richard
jazminblais's photo i.in
Expand
Forked @forked · 26s
Are you ready for some #football? Excited for your @nfl team or excited for 10% off pizza and #hotwings season?
SEP_2013_LOCALI_REPORT
WHOLESOME FOOD...0023
AUG_2013_LOCALI_REPORT
Screen Shot 2014...5 PM
JUL_2013_LOCALI_REPORT
Screen Shot 2014...8 PM
JUN_2013_LOCALI_REPORT
DEC_2013_LOCALI_REPORT
MAY_2013_LOCAL...PORT
NOV_2013_LOCAL...PORT
APR_2013_LOCALI_REPORT
OCT_2013_LOCALI_REPORT

Chrome File Edit View History Bookmarks Window Help
Thu 1:22 PM
Search results
Revel Systems D
locali (locali) on
Scheduler :: Loca
Log Out
Papi Chu-Don't-
Twitter, Inc. [US] https://twitter.com/followers
Home
Notifications
Discover
Me
Search Twitter
Following
Papi Chu-Don't-Know
@RidingShotgunLA FOLLOWS YOU
Taquero
Following
El Segundo 311
@elsegundo311 FOLLOWS YOU
Making the NEWS and HIJINKS in El Segundo INTERESTING
Following
Langston Hughes
@langston_poems FOLLOWS YOU
Langston Hughes. One poem at a time. No great poet has ever been afraid of being himself.
Silicon Beach LA
Following
Silicon Beach LA
@SiliconBeach_LA FOLLOWS YOU
Your Personal Tour Guide And The Home Of The LA Tech & Startup Community. Media inquiries to info@siliconbeachla.com Tweets by ...
https://twitter.com/SiliconBeach_LA
WHOLESOME FOOD...0023
DEC_2013_LOCALI_REPORT
NOV_2013_LOCAL...PORT
OCT_2013_LOCALI_REPORT
SEP_2013_LOCALI_REPORT
AUG_2013_LOCALI_REPORT

Chrome File Edit View History Bookmarks Window Help
Thu 1:23 PM
Search results
Revel Systems D
Papi Chu-Don't-
Scheduler :: Loca
Log Out
Papi Chu-Don't-
Twitter, Inc. [US] https://twitter.com/RidingShotgunLA
Home
Notifications
Discover
Me
Search Twitter
TWEETS 13.7K
PHOTOS/VIDEOS 1,823
FOLLOWING 36.5K
FOLLOWERS 33.2K
More
Following
Papi Chu-Don't-Know
@RidingShotgunLA FOLLOWS YOU
Taquero
L.A. Son
ridingshotgunla.com
Joined January 2012
Tweets
Tweets & replies
Papi Chu-Don't-Know @RidingShotgunLA · 58m
Ancient energy is so futuristic
4
7
Retweeted by Papi Chu-Don't-Know
eatatpot @eatatpot · Sep 3
Friday night POP UP at POT!! 6pm- close. Chef @jarobiwhite (of a Tribe
AUG_2013_LOCALI_REPORT
WHOLESOME_FOOD...0023
JUL_2013_LOCALI_REPORT
Screen Shot 2014...8 PM
JUN_2013_LOCALI_REPORT
DEC_2013_LOCALI_REPORT
MAY_2013_LOCAL...PORT
NOV_2013_LOCAL...PORT
APR_2013_LOCALI_REPORT
OCT_2013_LOCALI_REPORT
MAR_2013_LOCAL...PORT
SEP_2013_LOCALI_REPORT

**EXHIBIT "G"**

**Generated on:** This page was generated by TSDR on 2014-10-17 15:09:12 EDT

**Mark:** LOCO'L

<div align="right">

# Loco'l

</div>

**US Serial Number:** 86377931      **Application Filing Date:** Aug. 26, 2014

**Register:** Principal

**Mark Type:** Service Mark

**Status:** New application will be assigned to an examining attorney approximately 3 months after filing date.

**Status Date:** Sep. 09, 2014

---

## Mark Information

**Mark Literal Elements:** LOCO'L

**Standard Character Claim:** Yes. The mark consists of standard characters without claim to any particular font style, size, or color.

**Mark Drawing Type:** 4 - STANDARD CHARACTER MARK

## Goods and Services

**Note:** The following symbols indicate that the registrant/owner has amended the goods/services:

- Brackets [..] indicate deleted goods/services;
- Double parenthesis ((..)) identify any goods/services not claimed in a Section 15 affidavit of incontestability; and
- Asterisks *..* identify additional (new) wording in the goods/services.

**For:** Restaurant and café services

**International Class(es):** 043 - Primary Class      **U.S Class(es):** 100, 101

**Class Status:** ACTIVE

**Basis:** 1(b)

## Basis Information (Case Level)

| | | | | | |
|---|---|---|---|---|---|
| **Filed Use:** | No | **Currently Use:** | No | **Amended Use:** | No |
| **Filed ITU:** | Yes | **Currently ITU:** | Yes | **Amended ITU:** | No |
| **Filed 44D:** | No | **Currently 44D:** | No | **Amended 44D:** | No |
| **Filed 44E:** | No | **Currently 44E:** | No | **Amended 44E:** | No |
| **Filed 66A:** | No | **Currently 66A:** | No | | |
| **Filed No Basis:** | No | **Currently No Basis:** | No | | |

## Current Owner(s) Information

**Owner Name:** Locol, LLC

**Owner Address:** 6216 Ascot Drive
Oakland, CALIFORNIA 94611
UNITED STATES

**Legal Entity Type:** LIMITED LIABILITY COMPANY      **State or Country Where Organized:** CALIFORNIA

## Attorney/Correspondence Information

### Attorney of Record

**Attorney Name:** Alexandra Foote

**Attorney Primary Email Address:** alexandra@afootelaw.com      **Attorney Email Authorized:** Yes

### Correspondent

**Correspondent Name/Address:** ALEXANDRA FOOTE
LAW OFFICE OF ALEXANDRA L. FOOTE, P.C.
6216 ASCOT DR
OAKLAND, CALIFORNIA 94611-2529
UNITED STATES

**Correspondent e-mail:** alexandra@afootelaw.com      **Correspondent e-mail Authorized:** Yes

**Domestic Representative - Not Found**

## Prosecution History

| Date | Description | Proceeding Number |
|------|-------------|-------------------|
| Sep. 09, 2014 | NEW APPLICATION OFFICE SUPPLIED DATA ENTERED IN TRAM | |
| Aug. 29, 2014 | NEW APPLICATION ENTERED IN TRAM | |

## TM Staff and Location Information

**TM Staff Information - None**

**File Location**

**Current Location:** NEW APPLICATION PROCESSING          **Date in Location:** Sep. 09, 2014

PTO Form 1478 (Rev 9/2006)
OMB No. 0651-0009 (Exp 12/31/2014)

# Trademark/Service Mark Application, Principal Register

**Serial Number: 86377931**
**Filing Date: 08/26/2014**

### The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 86377931 |
| **MARK INFORMATION** | |
| *****MARK** | Loco'l |
| **STANDARD CHARACTERS** | YES |
| **USPTO-GENERATED IMAGE** | YES |
| **LITERAL ELEMENT** | Loco'l |
| **MARK STATEMENT** | The mark consists of standard characters, without claim to any particular font, style, size, or color. |
| **REGISTER** | Principal |
| **APPLICANT INFORMATION** | |
| *****OWNER OF MARK** | Locol, LLC |
| *****STREET** | 6216 Ascot Drive |
| *****CITY** | Oakland |
| *****STATE** (Required for U.S. applicants) | California |
| *****COUNTRY** | United States |
| *****ZIP/POSTAL CODE** (Required for U.S. applicants only) | 94611 |
| **LEGAL ENTITY INFORMATION** | |
| **TYPE** | limited liability company |
| **STATE/COUNTRY WHERE LEGALLY ORGANIZED** | California |
| **GOODS AND/OR SERVICES AND BASIS INFORMATION** | |
| **INTERNATIONAL CLASS** | 043 |

| | |
|---|---|
| **\*IDENTIFICATION** | Restaurant and café services |
| **FILING BASIS** | SECTION 1(b) |
| **ATTORNEY INFORMATION** | |
| **NAME** | Alexandra Foote |
| **FIRM NAME** | Law Office of Alexandra L. Foote, P.C. |
| **STREET** | 6216 Ascot Drive |
| **CITY** | Oakland |
| **STATE** | California |
| **COUNTRY** | United States |
| **ZIP/POSTAL CODE** | 94611 |
| **EMAIL ADDRESS** | alexandra@afootelaw.com |
| **AUTHORIZED TO COMMUNICATE VIA EMAIL** | Yes |
| **CORRESPONDENCE INFORMATION** | |
| **NAME** | Alexandra Foote |
| **FIRM NAME** | Law Office of Alexandra L. Foote, P.C. |
| **STREET** | 6216 Ascot Drive |
| **CITY** | Oakland |
| **STATE** | California |
| **COUNTRY** | United States |
| **ZIP/POSTAL CODE** | 94611 |
| **EMAIL ADDRESS** | alexandra@afootelaw.com |
| **AUTHORIZED TO COMMUNICATE VIA EMAIL** | Yes |
| **FEE INFORMATION** | |
| **NUMBER OF CLASSES** | 1 |
| **FEE PER CLASS** | 325 |
| **\*TOTAL FEE DUE** | 325 |
| **\*TOTAL FEE PAID** | 325 |
| **SIGNATURE INFORMATION** | |
| **SIGNATURE** | /Daniel Patterson/ |
| **SIGNATORY'S NAME** | Daniel Patterson |
| **SIGNATORY'S POSITION** | Managing Member |

| **DATE SIGNED** | 08/26/2014 |

PTO Form 1478 (Rev 9/2006)
OMB No. 0651-0009 (Exp 12/31/2014)

# Trademark/Service Mark Application, Principal Register

**Serial Number: 86377931**
**Filing Date: 08/26/2014**

## To the Commissioner for Trademarks:

**MARK:** Loco'l (Standard Characters, see mark)
The literal element of the mark consists of Loco'l.
The mark consists of standard characters, without claim to any particular font, style, size, or color.

The applicant, Locol, LLC, a limited liability company legally organized under the laws of California, having an address of
    6216 Ascot Drive
    Oakland, California 94611
    United States


requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended, for the following:

**For specific filing basis information for each item, you must view the display within the Input Table.**
    International Class 043:  Restaurant and café services
Intent to Use: The applicant has a bona fide intention to use or use through the applicant's related company or licensee the mark in commerce on or in connection with the identified goods and/or services. (15 U.S.C. Section 1051(b)).


The applicant's current Attorney Information:
    Alexandra Foote of Law Office of Alexandra L. Foote, P.C.
    6216 Ascot Drive
    Oakland, California 94611
    United States

The applicant's current Correspondence Information:
    Alexandra Foote
    Law Office of Alexandra L. Foote, P.C.
    6216 Ascot Drive
    Oakland, California 94611
    alexandra@afootelaw.com (authorized)


A fee payment in the amount of $325 has been submitted with the application, representing payment for 1 class(es).

## Declaration

The signatory believes that: if the applicant is filing the application under 15 U.S.C. Section 1051(a), the applicant is the owner of the trademark/service mark sought to be registered; the applicant or the applicant's related company or licensee is using the mark in commerce on or in connection with the goods/services in the application, and such use by the applicant's related company or licensee inures to the benefit of the applicant; the specimen(s) shows the mark as used on or in connection with the goods/services in the application; and/or if the applicant filed an application under 15 U.S.C. Section 1051(b), Section 1126(d), and/or Section 1126(e), the applicant is entitled to use the mark in commerce; the applicant has a bona fide intention to use or use through the applicant's related company or licensee the mark in commerce on or in connection with the goods/services in the application. The signatory believes that to the best of the signatory's knowledge and belief, no other person has the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion or mistake, or to deceive. The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements and the like may jeopardize the validity of the application or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.

## Declaration Signature

Signature: /Daniel Patterson/   Date: 08/26/2014
Signatory's Name: Daniel Patterson
Signatory's Position: Managing Member
RAM Sale Number: 86377931
RAM Accounting Date: 08/27/2014

Serial Number: 86377931
Internet Transmission Date: Tue Aug 26 23:20:04 EDT 2014
TEAS Stamp: USPTO/BAS-50.188.182.194-201408262320049
32631-86377931-500b16f521a0bb2ab9da6fbb5
ff2181c6825a0f5c456bbec3f542373f3f814-CC
-11368-20140825184329227117

# Loco'l

# Loco'l

**EXHIBIT "H"**

# THE FOOD LAWYERS®

**ATTORNEYS AT LAW**

*Representing the Food and Beverage
Industries Throughout the World*

1880 Century Park East, Suite 611
Los Angeles, California 90067
Telephone: (310) 556-0721
Facsimile: (310) 788-8923
www.TheFoodLawyers.com

September 6, 2014

Locol, LLC
c/o Agent for Service of Process                    *Via: Federal Express*
Alexandra Foote, Esq.
6216 Ascot Drive
Oakland CA 94611

Re: Infringement of Locali trademark

Dear Madams and Sirs:

Our firm reprsents Gregory Horos and Melissa Rosen who operate two restaurants named
"**Locali**" in Southern California. Our clients have been using their **Locali** brand in the restaurant
business in Southern California for more than six years during which time they have acquired a
hard earned reputation for healthy, quality food at a reasonable price as is affirmed in various
online consumer driven rating services (Yelp, etc.) and professional restaurant ratings companies
such as Zagat.

On June 19, 2013, our firm filed on behalf of our clients a federal trademark registration
application for the mark **Locali** for catering, restaurant, take-out restaurant services and
delicatessen services. That application was published for opposition in the Trademark Official
Gazette on June 24, 2014 and the opposition period closed without any opposition being filed.
For these reasons in this correspondence, I will treat "Locali" as being our clients' federally
registered brand with an effective rights date of June 19, 2013.

We are aware that Locol, LLC filed a federal trademark registration application on August 26,
2014 for the brand "Loco'l" for restaurant and café services. Your application having been filed
under 15 U.S.C. 1051(b) is an admission under penalty of perjury that you have never used the
"Loco'l" brand in commerce. We have conducted internet research that reveals your principals
currently intend to open their first "Loco'l" location in San Francisco in 2015 and a second
location in Los Angeles sometime thereafter.

As a result of the foregoing facts, our clients have common law rights in their **Locali** brand and
nationwide rights under their federal trademark registration. By contrast, Locol, LLC has no
enforceable rights in the Loco'l brand because you have never used it in the restaurant or café
industry.

It is self evident that "Loco'l" is confusingly similar with "**Locali**" for restaurant type services
and by this correspondence we are asking you to confirm to us in writing that you will choose a
new name for your enterprise that is not confusingly similar with our clients' **Locali** trademark.

In addition to the fact that you have notice of our clients' rights in the **Locali** brand as a result of our 2013 federal trademark registration filing, our research has revealed that one of your principals, Mr. Roy Choi, has publically acknowledged our clients' use of the **Locali** brand by "following" **Locali** on Twitter.  Please see the attached screen shot that documents this.  Our research indicates that Mr. Choi has been a **Locali** Titter follower for several months – – certainly before your filing of the Loco'l registration application August 26th.  This suggest to us that Locol, LLC's infringement of the **Locali** brand is willful.  Furthermore, the filing of your trademark application is a fraud on the trademark office because the application includes the statement under oath that:

> That the applicant believes it is the owner of the mark; that the mark is in use in commerce; that to the best of the declarant's knowledge and belief, no other person has the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when applied to the goods or services of the other person, to cause confusion or mistake, or to deceive; ....

We believe that Locol, LLC could not have truthfully made the above statement when one of its principals was aware of the existence of our clients' **Locali** brand's use.

We do not want to impede your ability to engage in the restaurant business and we are willing to conclude this matter in a way that is the most economical for you.  We agree to suspend taking any action in this case if Locol, LLC (a) represents to us in writing that it will abandon the proposed "Loco'l" brand, (b) agrees to not use any brand confusingly similar to **Locali** and (3) files a notice of abandonment of its "Loco'l" federal trademark registration application.  We will, of course, file an opposition to the "Loco'l" federal registration if this matter is not resolved amicably.

We ask that you respond to this letter by September 25th.  If we do not hear from you by that date, we will do what is necessary to preserve our clients' rights in the **Locali** brand.

Let me say that until this case is resolved, Locol, LLC and all of its principals, agents, employees, attorneys, accountants and other persons under its control are on notice that they should not destroy any files or delete any e-mails from their computer systems, phones or electronic tablets.  This specifically includes, but is not limited to, Messrs. Roy Choi, Daniel Patterson and Chad Robertson.  If this matter is not resolved in a cooperative manner, we will be taking civil discovery from all of these people, and others, respecting the infringement discussed hereinabove.

Sincerely,
*The Food Lawyers*®

*George C. Salmas*

By: _____
        George C. Salmas



Chrome File Edit View History Bookmarks Window Help
Thu 1:23 PM
Search results
Revel Systems
(2) Twitter
Scheduler :: Local
Log Out
Papi Chu-Don't-
Twitter, Inc. [US] https://twitter.com
Home
Notifications
Discover
Me
ridi
ridiculousness
riding
ridikulousmon3y
ridinwit_esha
Papi Chu-Don't-Know @RidingShotg...
You follow each other
Loren Ridinger @lorenridinger
Ridiculousness @WeLoveRobDyrdek
Ridiculousness @ridiculousness
RidingWithRobots @ridingrobots
Vergüenza ajena! @Ridiculizados
Search all people for ridi
locali
@locali
TWEETS 5,913
FOLLOWING 1,021
FOLLOWERS 2,972
Compose new Tweet...
Who to follow · Refresh · View all
LA Food & Wine @lafoodwine
Follow
STK Los Angeles @STKLos...
Followed by Lucy Lean and ...
Follow
Find people you know
Import your contacts from Gmail
Connect other address books
Tweets
Mar Yvette @marpop
A true trailblazer. Than
(Repost from kenbaker
Expand
Foodista @foodista
Kitchen Secrets Video:
Secrets follow the brilli
Expand
Jamelle Bouie @jbouie
Sorry @Ed_Baptist. Lo
Racist.
Washington, DC
Expand
RichardBlais @Richard
jazminblais's photo i.in
Expand
Forked @forked · 26s
Are you ready for some #football? Excited for your @nfl team or excited for 10% off pizza and #hotwings season?
WHOLESOME FOOD...0028
Screen Shot 2014...5 PM
Screen Shot 2014...8 PM
DEC_2013_LOCALI_REPORT
NOV_2013_LOCAL...PORT
OCT_2013_LOCALI_REPORT

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself [ ] )

GREG HOROS, an individual, and MELISSA ADELE ROSEN, an individual

**DEFENDANTS** ( Check box if you are representing yourself [ ] )

LOCOL, LLC, a California limited liability company, ROY CHOI, an individual, DANIEL PATTERSON, an individual, and DOES 1-X, inclusive

**(b)** County of Residence of First Listed Plaintiff   Los Angeles
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Alameda
*(IN U.S. PLAINTIFF CASES ONLY)*

**(c)** Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

LAW OFFICES OF GERARD FOX, INC.
Gerard P. Fox (SBN #151649), Lauren M. Greene (SBN #271397)
1880 Century Part East, Suite 815, Los Angeles, CA 90067
Tel: (310) 441-0500, Fax: (310) 441-4447

Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information.

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

[ ] 1. U.S. Government Plaintiff

[X] 3. Federal Question (U.S. Government Not a Party)

[ ] 2. U.S. Government Defendant

[ ] 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [X] 1 | Incorporated or Principal Place of Business in this State | [ ] 4 | [X] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. ORIGIN** (Place an X in one box only.)

[X] 1. Original Proceeding
[ ] 2. Removed from State Court
[ ] 3. Remanded from Appellate Court
[ ] 4. Reinstated or Reopened
[ ] 5. Transferred from Another District (Specify)
[ ] 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** [X] Yes   [ ] No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:**   [ ] Yes   [X] No        [ ] MONEY DEMANDED IN COMPLAINT: $

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Plaintiffs allege Defendants' engaged in trademark infringement in violation of 15 U.S.C. §§ 1114 AND 1125(a), 15 U.S.C. § 1125(c), 15 U.S.C. § 1125(d) and violation of California BUS. & PROF. CODE §17200 and CAL. BUS. & PROF. CODE § 14330, additionally Plaintiffs seek Declaratory Judgment under 28 U.S.C. §§ 2201 and 2202.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| [ ] 375 False Claims Act | [ ] 110 Insurance | [ ] 240 Torts to Land | [ ] 462 Naturalization Application | **Habeas Corpus:** | [ ] 820 Copyrights |
| [ ] 400 State Reapportionment | [ ] 120 Marine | [ ] 245 Tort Product Liability | [ ] 465 Other Immigration Actions | [ ] 463 Alien Detainee | [ ] 830 Patent |
| [ ] 410 Antitrust | [ ] 130 Miller Act | [ ] 290 All Other Real Property | **TORTS** | [ ] 510 Motions to Vacate Sentence | [X] 840 Trademark |
| [ ] 430 Banks and Banking | [ ] 140 Negotiable Instrument | **TORTS** | **PERSONAL PROPERTY** | [ ] 530 General | **SOCIAL SECURITY** |
| [ ] 450 Commerce/ICC Rates/Etc. | [ ] 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | [ ] 370 Other Fraud | [ ] 535 Death Penalty | [ ] 861 HIA (1395ff) |
| [ ] 460 Deportation | | [ ] 310 Airplane | [ ] 371 Truth in Lending | **Other:** | [ ] 862 Black Lung (923) |
| [ ] 470 Racketeer Influenced & Corrupt Org. | [ ] 151 Medicare Act | [ ] 315 Airplane Product Liability | [ ] 380 Other Personal Property Damage | [ ] 540 Mandamus/Other | [ ] 863 DIWC/DIWW (405 (g)) |
| [ ] 480 Consumer Credit | [ ] 152 Recovery of Defaulted Student Loan (Excl. Vet.) | [ ] 320 Assault, Libel & Slander | [ ] 385 Property Damage Product Liability | [ ] 550 Civil Rights | [ ] 864 SSID Title XVI |
| [ ] 490 Cable/Sat TV | | [ ] 330 Fed. Employers' Liability | **BANKRUPTCY** | [ ] 555 Prison Condition | [ ] 865 RSI (405 (g)) |
| [ ] 850 Securities/Commodities/Exchange | [ ] 153 Recovery of Overpayment of Vet. Benefits | [ ] 340 Marine | [ ] 422 Appeal 28 USC 158 | [ ] 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| [ ] 890 Other Statutory Actions | [ ] 160 Stockholders' Suits | [ ] 345 Marine Product Liability | [ ] 423 Withdrawal 28 USC 157 | **FORFEITURE/PENALTY** | [ ] 870 Taxes (U.S. Plaintiff or Defendant) |
| [ ] 891 Agricultural Acts | | [ ] 350 Motor Vehicle | **CIVIL RIGHTS** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 871 IRS-Third Party 26 USC 7609 |
| [ ] 893 Environmental Matters | [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability | [ ] 440 Other Civil Rights | [ ] 690 Other | |
| [ ] 895 Freedom of Info. Act | [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury | [ ] 441 Voting | **LABOR** | |
| [ ] 896 Arbitration | [ ] 196 Franchise | [ ] 362 Personal Injury-Med Malpractice | [ ] 442 Employment | [ ] 710 Fair Labor Standards Act | |
| [ ] 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | [ ] 365 Personal Injury-Product Liability | [ ] 443 Housing/Accommodations | [ ] 720 Labor/Mgmt. Relations | |
| | [ ] 210 Land Condemnation | [ ] 367 Health Care/Pharmaceutical Personal Injury Product Liability | [ ] 445 American with Disabilities-Employment | [ ] 740 Railway Labor Act | |
| [ ] 950 Constitutionality of State Statutes | [ ] 220 Foreclosure | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 446 American with Disabilities-Other | [ ] 751 Family and Medical Leave Act | |
| | [ ] 230 Rent Lease & Ejectment | | [ ] 448 Education | [ ] 790 Other Labor Litigation | |
| | | | | [ ] 791 Employee Ret. Inc. Security Act | |

CV14 08065

**FOR OFFICE USE ONLY:**   Case Number:

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII. VENUE;** Your answers to the questions below will determine the division of the Court to which this case will be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| QUESTION A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes   ☒ No | ☐ Los Angeles, Ventura, Santa Barbara, or San Luis Obispo | Western |
| If "no," skip to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question E, below, and continue from there. | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

| QUESTION B: Is the United States, or one of its agencies or employees, a PLAINTIFF in this action?<br><br>☐ Yes   ☒ No<br><br>If "no," skip to Question C. If "yes," answer Question B.1, at right. | B.1. Do 50% or more of the defendants who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there.<br><br>☐ NO. Continue to Question B.2. |
| | B.2. Do 50% or more of the defendants who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there.<br><br>☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question F, below, and continue from there. |

| QUESTION C: Is the United States, or one of its agencies or employees, a DEFENDANT in this action?<br><br>☐ Yes   ☒ No<br><br>If "no," skip to Question D. If "yes," answer Question C.1, at right. | C.1. Do 50% or more of the plaintiffs who reside in the district reside in Orange Co.?<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Southern Division. Enter "Southern" in response to Question E, below, and continue from there.<br><br>☐ NO. Continue to Question C.2. |
| | C.2. Do 50% or more of the plaintiffs who reside in the district reside in Riverside and/or San Bernardino Counties? (Consider the two counties together.)<br><br>*check one of the boxes to the right* ➡ | ☐ YES. Your case will initially be assigned to the Eastern Division. Enter "Eastern" in response to Question E, below, and continue from there.<br><br>☐ NO. Your case will initially be assigned to the Western Division. Enter "Western" in response to Question E, below, and continue from there. |

| QUESTION D: Location of plaintiffs and defendants? | | A.<br>Orange County | B.<br>Riverside or San Bernardino County | C.<br>Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County |
|---|---|---|---|---|
| Indicate the location(s) in which 50% or more of *plaintiffs who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | | ☐ | ☐ | ☒ |
| Indicate the location(s) in which 50% or more of *defendants who reside in this district* reside. (Check up to two boxes, or leave blank if none of these choices apply.) | | ☐ | ☐ | ☒ |

| D.1. Is there at least one answer in Column A? | D.2. Is there at least one answer in Column B? |
|---|---|
| ☐ Yes   ☒ No | ☐ Yes   ☒ No |
| If "yes," your case will initially be assigned to the<br>SOUTHERN DIVISION.<br>Enter "Southern" in response to Question E, below, and continue from there.<br>If "no," go to question D2 to the right. ➡ | If "yes," your case will initially be assigned to the<br>EASTERN DIVISION.<br>Enter "Eastern" in response to Question E, below.<br>If "no," your case will be assigned to the WESTERN DIVISION.<br>Enter "Western" in response to Question E, below. ⬇ |

| QUESTION E: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, C, or D above: ➡ | WESTERN |

| QUESTION F: Northern Counties? | |
|---|---|
| Do 50% or more of plaintiffs or defendants in this district reside in Ventura, Santa Barbara, or San Luis Obispo counties? | ☐ Yes   ☒ No |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| IX(a). IDENTICAL CASES: Has this action been previously filed in this court? | ☒ NO | ☐ YES |
|---|---|---|

If yes, list case number(s): _____

| IX(b). RELATED CASES: Is this case related (as defined below) to any cases previously filed in this court? | ☒ NO | ☐ YES |
|---|---|---|

If yes, list case number(s): _____

Civil cases are related when they:

☐ A. Arise from the same or closely related transactions, happening, or event;

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges.

Check all boxes that apply. That cases may involve the same patent, trademark, or copyright is not, in itself, sufficient to deem cases related.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):** /s/ Gerard P. Fox _____  DATE: 10/17/2014

Notice to Counsel/Parties: The submission of this Civil Cover Sheet is required by Local Rule 3-1. This Form CV-71 and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. For more detailed instructions, see separate instruction sheet (CV-071A).

---

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

COPY

|  |  |
|---|---|
| GREG HOROS, an individual, and MELISSA ADELE ROSEN, an individual | ) ) ) ) ) |
| *Plaintiff(s)* | ) ) ) |
| v. | ) Civil Action No. |
| LOCOL, LLC, a California limited liability company, ROY CHOI, an individual, DANIEL PATTERSON, an individual, and DOES 1-10, inclusive | ) ) ) CV 14 - 08065 -MWF(MRWx ) |
| *Defendant(s)* | ) ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* LOCOL, LLC, a California limited liability company, ROY CHOI, an individual, DANIEL PATTERSON, an individual, and DOES 1-10, inclusive

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:     LAW OFFICES OF GERARD FOX, INC.
Gerard P. Fox (SBN #151649)
Lauren M. Greene (SBN #271397)
1880 Century Park East, Suite 815
Los Angeles, CA 90067
Tel: (310) 441-0500; Fax: (310) 441-4447

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: _      OCT 1 7 2014

ANDRES PEDRO

*Signature of Clerk or Deputy Clerk*

1202